**GERMAN, GALLAGHER & MURTAGH**          **Attorneys for:  Plaintiffs**
**BY:  Briana Lynn Pearson, Esq.**          **Seth Floyd and Erica Hadley**
**IDENTIFICATION NO.  327007**
**THE BELLEVUE, FIFTH FLOOR**
**200 S. BROAD STREET**
**PHILADELPHIA, PA 19102**
**T:  215-545-7700**
**F:  215-732-4182**
**pearsonb@ggmfirm.com**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FLOYD et al** | : | |
| | : | JURY DEMANDED |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | No. 2:26-cv-02403 |
| **CITY COUNCIL FOR THE CITY** | : | |
| **OF PHILADELPHIA et al,** | : | |
| | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this ___ day of April, 2026, upon consideration of Plaintiffs' Emergency Motion for Hearing on Contempt and to Enforce Court Order and for a Temporary Restraining Order, and any response thereto, it is hereby ORDERED as follows:

1. Plaintiffs' Motion is GRANTED.

2. The Court finds that the March 19, 2026 Order entered by the Court of Common Pleas remains in full force and effect pursuant to 28 U.S.C. § 1450.

3. The Court further finds, pursuant to Rule 65 of the Federal Rules of Civil Procedure, that Plaintiffs have demonstrated a likelihood of success on the merits, that they will suffer

immediate and irreparable harm in the absence of injunctive relief, that the balance of equities favors Plaintiffs, and that injunctive relief is in the public interest.

4. The Court specifically finds that immediate and irreparable injury will occur before Defendants can be fully heard in opposition if relief is not granted, as Defendants are scheduled to take further legislative action on April 16, 2026 in alleged violation of a binding court order.

5. The Court further finds that Defendants have received actual notice of Plaintiffs' Motion and an opportunity to be heard, and that entry of this Temporary Restraining Order on an expedited basis is appropriate under Rule 65(b).

6. A Temporary Restraining Order is hereby ENTERED.

7. Pending further Order of this Court, Defendants, and all persons acting in concert or participation with them, are ENJOINED from taking any action to advance, vote upon, or otherwise act on Philadelphia City Council Bills Nos. 250329 and 250330 in violation of, or inconsistent with, the March 19, 2026 Order.

8. This Temporary Restraining Order is narrowly tailored to preserve the status quo and enforce the existing March 19, 2026 Order.

9. The Court finds, pursuant to Rule 65(c), that no security is required because Plaintiffs seek to enforce an existing court order and vindicate important public rights, and the risk of monetary harm to Defendants from the issuance of this Temporary Restraining Order is minimal.

10. A hearing on Plaintiffs' Motion for Contempt and to Enforce Court Order is hereby SCHEDULED on an expedited basis on _____, 2026, at _____.

11. Defendants shall appear at the scheduled hearing and SHOW CAUSE why they should not be held in civil contempt for failure to comply with the March 19, 2026 Order.

12. Pending the hearing, Defendants are ORDERED to preserve all documents, communications, recordings, and materials relating to the March 30, 2026 Committee proceedings and any subsequent proceedings concerning Philadelphia City Council Bills Nos. 250329 and 250330.

13. This Temporary Restraining Order shall remain in effect for a period not to exceed fourteen (14) days from the date of entry, unless extended by the Court for good cause shown or by consent of the parties, and shall remain in effect until the Court conducts the scheduled hearing and issues further Order.

14. The Court retains jurisdiction to enforce this Order and to grant such further relief as may be necessary.

BY THE COURT:

_____
HON. JOHN R. PADOVA
UNITED STATES DISTRICT JUDGE

**GERMAN, GALLAGHER & MURTAGH**  **Attorneys for:  Plaintiffs**
**BY:  Briana Lynn Pearson, Esq.**  **Seth Floyd and Erica Hadley**
**IDENTIFICATION NO.  327007**
**THE BELLEVUE, FIFTH FLOOR**
**200 S. BROAD STREET**
**PHILADELPHIA, PA 19102**
**T:  215-545-7700**
**F:  215-732-4182**
**pearsonb@ggmfirm.com**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FLOYD et al** | : | |
| | : | JURY DEMANDED |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | No. 2:26-cv-02403 |
| **CITY COUNCIL FOR THE CITY** | : | |
| **OF PHILADELPHIA et al,** | : | |
| | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFFS' EMERGENCY MOTION FOR HEARING ON CONTEMPT AND TO ENFORCE COURT ORDER AND FOR A TEMPORARY RESTRAINING ORDER

Plaintiffs Seth Floyd and Erica Hadley, by and through undersigned counsel, respectfully move this Honorable Court for an emergency hearing on Plaintiffs' Emergency Motion for Hearing on Contempt and to Enforce Court Order and for a Temporary Restraining Order, and in support thereof state as follows:

For the reasons set forth more fully in Plaintiffs' supporting Memorandum of Law, Plaintiffs respectfully request that this Court enforce the Orders already in effect and promptly schedule a hearing on Plaintiffs' pending contempt application. This case presents a straightforward but urgent problem. A court issued a binding order. Plaintiffs presented evidence

that the order was violated. The court agreed that the matter required immediate attention and scheduled a contempt hearing for April 14, 2026 at 11:30 a.m. That hearing was designed to occur before Defendants' next scheduled legislative action on April 16, 2026. The only thing that changed is that Defendants removed the case before that hearing could occur. Removal is a lawful procedural mechanism. It is not a mechanism to avoid compliance with court orders, to delay adjudication of contempt, or to run out the clock on judicial review. Yet the practical effect here is precisely that. A hearing already deemed necessary has been displaced, while the conduct giving rise to that hearing remains ongoing and the consequences of that conduct remain imminent.

Courts exist to provide the check when process fails. Where a binding order is entered, and where allegations of noncompliance are supported by sworn evidence and recognized as requiring immediate review, the judicial function is not suspended by a change in forum. It continues. This Motion asks this Court to do what the state court had already determined must be done: hear the contempt petition before the underlying order is rendered meaningless.

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Enforce the March 19, 2026 Order presently in effect pursuant to 28 U.S.C. § 1450;

2. Schedule an emergency hearing on Plaintiffs' Motion for Contempt on or before April 16, 2026;

3. Direct Defendants to appear and show cause why they should not be held in contempt;

4. Enter a Temporary Restraining Order enjoining Defendants from taking any action to advance, vote upon, or otherwise act on Philadelphia City Council Bills Nos. 250329 and 250330 in violation of, or inconsistent with, the March 19, 2026 Order;

5. Direct Defendants to preserve all documents, communications, recordings, and materials relating to the March 30, 2026 proceedings and any subsequent proceedings concerning the subject Bills; and

6. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

GERMAN, GALLAGHER & MURTAGH

BY: _____

Briana Lynn Pearson, Esq.
*Attorneys for Plaintiffs*

*April 14, 2026*

**GERMAN, GALLAGHER & MURTAGH**  **Attorneys for:  Plaintiffs**
**BY:  Briana Lynn Pearson, Esq.**   **Seth Floyd and Erica Hadley**
**IDENTIFICATION NO.  327007**
**THE BELLEVUE, FIFTH FLOOR**
**200 S. BROAD STREET**
**PHILADELPHIA, PA 19102**
**T:  215-545-7700**
**F:  215-732-4182**
**pearsonb@ggmfirm.com**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FLOYD et al** | : | |
| | : | JURY DEMANDED |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | No. 2:26-cv-02403 |
| **CITY COUNCIL FOR THE CITY** | : | |
| **OF PHILADELPHIA et al,** | : | |
| | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
EMERGENCY MOTION FOR HEARING ON CONTEMPT AND TO ENFORCE
COURT ORDER AND FOR A TEMPORARY RESTRAINING ORDER**

### I.      INTRODUCTION

This case arrives before this Court at a critical moment, not because of newly developed

facts, but because of timing. Judge Hall of the Philadelphia Court of Common Pleas reviewed

Plaintiffs' Emergency Petition for Civil Contempt, found that the matter required immediate

judicial attention, and scheduled a hearing for April 14, 2026 at 11:30 a.m. to address Defendants'

violation of the binding March 19, 2026 Order. Plaintiff's Petition for Civil Contempt is attached

hereto as Ex. "A." Judge Hall's April 10, 2026, Order and Rule to Show Cause Order is attached

hereto as Ex. "B." That hearing was set against the backdrop of imminent legislative action scheduled for April 16, 2026.

Removal halted that hearing, but it did not resolve the violation, cure the noncompliance, or eliminate the urgency. The same emergency now sits before this Court. The timing of removal has a practical effect that cannot be ignored. It interrupts an already scheduled contempt proceeding on the eve of adjudication while Defendants remain poised to proceed with the very conduct that gave rise to that proceeding. Federal jurisdiction does not provide a mechanism to avoid compliance with court orders or to outpace judicial review through procedural maneuvering. It transfers the responsibility to enforce those orders to this Court.

This Motion seeks only continuity. As set forth above, Judge Hall had already determined that a contempt hearing was necessary and urgent. Plaintiffs ask this Court to restore that posture and hear the matter before the underlying order is rendered meaningless.

## II.    QUESTIONS PRESENTED

*Whether this Court should schedule an emergency hearing where a state court had already issued a Rule to Show Cause and set an expedited hearing on Plaintiffs' contempt petition prior to removal.*

*Suggested answer: Yes.*

*Whether a pre removal court order remains enforceable following removal such that this Court may adjudicate contempt and enforce compliance.*

*Suggested answer: Yes.*

*Whether the imminent loss of statutory rights and advancement of legislative action in violation of a court order constitutes irreparable harm warranting immediate judicial intervention.*

*Suggested answer: Yes.*

### III.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs commenced this action to challenge Defendants' unlawful legislative process in violation of the Pennsylvania Sunshine Act and the Philadelphia Home Rule Charter. Following the filing of Plaintiffs' emergency petition for injunctive relief, the parties entered into a stipulation, which the Court of Common Pleas approved on March 19, 2026, converting it into a binding Order. The March 19, 2026 Order is attached hereto as Ex. "C." That Order required that any future proceedings concerning the subject legislation comply fully with applicable law.

Despite that Order, Defendants conducted a subsequent Committee hearing on March 30, 2026 in a manner that replicated the very conduct the Order was designed to prevent. Plaintiffs' Emergency Petition for Civil Contempt details that Defendants engaged in non-public deliberations, conducted proceedings without a quorum for substantial portions of the hearing, and advanced legislation following private consensus building. These facts are confirmed by sworn affidavits attached hereto as Ex. "D." Plaintiffs and other attendees observed that only two to three Councilmembers were present for significant portions of the proceedings, well below the quorum required for lawful deliberation. Additional testimony confirms that Councilmembers repeatedly exited and reentered the hearing while proceedings continued, and that public participation was inconsistently administered.

Based on this record, Plaintiffs filed an Emergency Petition for Civil Contempt. The Court of Common Pleas reviewed the Petition and issued a Rule to Show Cause, scheduling a hearing for April 14, 2026 at 11:30 a.m. on an expedited basis.  The urgency of that hearing was tied directly to Defendants' scheduled legislative action on April 16, 2026. The purpose of the hearing was to determine whether Defendants should be held in contempt and whether injunctive relief was necessary to prevent further violations. Less than twenty-four (24) hours before that hearing was scheduled to occur, Defendants removed the case to this Court, thereby vacating the scheduled hearing as a procedural matter, however, the underlying violation remains. The March 19, 2026 Order remains. The April 10, 2026 Rule to Show Cause Order also remains and the April 16, 2026 legislative action remains scheduled.

## IV.    ARGUMENT

### A.  THE APRIL 14, 2026 HEARING REFLECTED A JUDICIAL DETERMINATION THAT IMMEDIATE INTERVENTION WAS REQUIRED

The Court of Common Pleas did not passively receive Plaintiffs' contempt petition. It acted. It issued a Rule to Show Cause and set a prompt hearing. That action reflects a determination that Plaintiffs had presented a colorable claim of contempt requiring immediate adjudication. The proximity of the April 16, 2026 legislative action made delay untenable. Nothing about removal alters that underlying reality. The same facts that compelled the state court to act now compel this Court to do the same.

### B.  THE MARCH 19, 2026 ORDER REMAINS IN FULL FORCE AND EFFECT AND IS ENFORCEABLE BY THIS COURT

Upon removal, all prior state court orders remain in effect unless modified or dissolved by the district court. 28 U.S.C. § 1450. The March 19, 2026 Order was a binding directive requiring Defendants to comply with the Sunshine Act and the Home Rule Charter in future proceedings. Defendants had notice of that Order, agreed to its terms, and were bound by it. Their subsequent conduct, as detailed in the contempt petition, constitutes a direct violation. This Court now possesses full authority to enforce that Order and to adjudicate contempt. See *Shillitani v. United States*, 384 U.S. 364, 370 (1966). The Third Circuit likewise recognizes the broad authority of federal courts to enforce compliance with court orders and remedy violations. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995).

### C.  DEFENDANTS' VIOLATIONS ARE ONGOING AND SUPPORTED BY SWORN EVIDENCE

The record is not speculative. It is developed and corroborated. Sworn affidavits confirm that Defendants conducted proceedings without a quorum for substantial portions of the March 30, 2026, hearing, with only two to three Councilmembers present while deliberations continued. Additional testimony establishes that Councilmembers repeatedly exited the proceedings while official business continued, and that participation was unevenly administered. These facts establish that Defendants did not merely fall short of technical compliance. They replicated the precise conduct that the March 19, 2026 Order was intended to prevent.

### D.  PLAINTIFFS WILL SUFFER IMMEDIATE AND IRREPARABLE HARM ABSENT A PROMPT HEARING

Defendants are scheduled to proceed with legislative action on April 16, 2026. If that action occurs in violation of a binding court order, Plaintiffs will be deprived of their statutory right to observe and participate in lawful public proceedings. That harm is immediate and

cannot be undone after the fact. The Third Circuit recognizes that the loss of statutory and constitutional rights, even for minimal periods of time, constitutes irreparable harm. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). Once the legislative process advances, the Court's ability to provide meaningful relief is substantially diminished.

### E.  THIS COURT SHOULD RESTORE THE PROCEDURAL POSTURE THAT EXISTED PRIOR TO REMOVAL

Plaintiffs do not seek new relief. They seek restoration of what already existed. A contempt petition was pending. A Rule to Show Cause had issued. A hearing had been scheduled. The urgency had been recognized by a court. Removal changed the forum, not the facts. Without prompt action, Defendants will effectively avoid adjudication of contempt through timing alone. That is not a permissible use of removal and is inconsistent with the purpose of 28 U.S.C. § 1450. This Court should restore the posture that existed prior to removal and schedule an emergency hearing so that the merits of Plaintiffs' contempt petition may be adjudicated.

### V.    CONCLUSION

A binding court order exists. Defendants violated it. A court recognized the urgency of that violation and scheduled a hearing to address it. Removal paused that hearing, but it did not resolve the violation or eliminate the need for immediate judicial intervention. Plaintiffs respectfully request that this Court schedule an emergency hearing on Plaintiffs' Motion for Contempt and enforce the March 19, 2026 Order before it is rendered meaningless.

Respectfully submitted,

GERMAN, GALLAGHER & MURTAGH

BY:  _____
Briana Lynn Pearson, Esq.
*Attorneys for Plaintiff*

*April 14, 2026*

**VERIFICATION**

I, Seth Floyd, verify that I am a Plaintiff in the foregoing matter and that the statements set forth in the foregoing Emergency Motion are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Seth Floyd

Date: April 14, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April, 2026, a true and correct copy of the foregoing Entry of Appearance was served upon all counsel of record in this matter. Service was effectuated via the Court's Electronic Case Filing system (ECF), which provides notice to all registered counsel of record.

Respectfully submitted,

GERMAN, GALLAGHER & MURTAGH

BY: _____

Briana Lynn Pearson, Esq.
*Attorneys for Plaintiff*

*April 14, 2026*