FILED
09 APR 2026 03:18 pm
Civil Administration
V. MOSCATELLI

| | | |
|---|---|---|
| **SETH FLOYD and ERICA HADLEY** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **v.** | : | |
| | : | **NO. 260302655** |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2026, after consideration of Plaintiffs' Emergency Petition for Civil Contempt, to Enforce Court-Approved Stipulation and Order, and for Sanctions, any response thereto, and following hearing, it is hereby ORDERED and DECREED as follows:

1. Plaintiffs' Petition is GRANTED.

2. Pending further Order of this Court, Defendants are hereby TEMPORARILY RESTRAINED and ENJOINED from proceeding with any vote, advancement, or further legislative action concerning Philadelphia City Council Bills Nos. 250329 and 250330.

3. Defendants are found in CIVIL CONTEMPT of this Court's March 19, 2026 Order.

4. The March 30, 2026 Committee proceedings and any vote taken therein regarding Philadelphia City Council Bills Nos. 250329 and 250330 are hereby DECLARED INVALID as conducted in violation of this Court's March 19, 2026 Order.

5. Defendants are ORDERED to comply with the Pennsylvania Sunshine Act and the Philadelphia Home Rule Charter in any further proceedings concerning said Bills.

6. Defendants are ENJOINED from conducting any further proceedings regarding said Bills.

7. Plaintiffs are awarded reasonable attorneys' fees and costs incurred in bringing this Petition. Plaintiffs shall file a fee petition within fourteen (14) days.

8. This Court retains jurisdiction to enforce this Order.

Case ID: 260302655
Control No.: 26042509

BY THE COURT:

_____
J.

Case ID: 260302655
Control No.: 26042509

| | | |
|---|---|---|
| **SETH FLOYD and ERICA HADLEY** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **v.** | : | |
| | : | **NO. 260302655** |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |

## RULE TO SHOW CAUSE

AND NOW, this ____ day of _____, 2026, upon consideration of Plaintiffs' Emergency Petition for Civil Contempt, to Enforce Court-Approved Stipulation and Order, and for Sanctions, it is hereby ORDERED that Defendants show cause why they should not be held in civil contempt for failure to comply with this Court's March 19, 2026 Order.

IT IS FURTHER ORDERED that:

1. Defendants shall file a written Answer within _____ days of service of this Order.

2. A hearing shall be scheduled on an expedited basis;

3. Pending the hearing, Defendants are directed to preserve all records, communications, and materials relating to the March 30, 2026 Committee proceedings and any proceedings concerning Philadelphia City Council Bills Nos. 250329 and 250330;

4. In the event Defendants fail to respond or appear as directed, the Court may grant the relief requested in the Petition, including contempt, enforcement, and sanctions; and

5. Plaintiffs shall immediately serve this Order and the Petition upon Defendants and file proof of service.

BY THE COURT:

_____

J.

Case ID: 260302655
Control No.: 26042509

**GERMAN, GALLAGHER & MURTAGH**
By: Briana L. Pearson, Esquire
Identification No. 327007
The Bellevue, Suite 500
200 S. Broad Street
Philadelphia, PA 19102
(215) 545-7700
(215) 732-4182 – Fax
pearsonb@ggmfirm.com

**Attorneys for Plaintiffs Seth Floyd and Erica Hadley**

_____

| | | |
|---|---|---|
| **SETH FLOYD and ERICA HADLEY** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **v.** | : | |
| | : | **NO. 260302655** |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |

_____

**PLAINTIFFS' EMERGENCY PETITION FOR CIVIL CONTEMPT, TO ENFORCE COURT-APPROVED STIPULATION AND ORDER, AND FOR SANCTIONS**

Plaintiffs Seth Floyd and Erica Hadley, by and through undersigned counsel, respectfully move this Honorable Court for an Order holding Defendants in civil contempt, enforcing the Court's March 19, 2026 Order, and imposing sanctions, and in support thereof aver as follows:

**I. INTRODUCTION**

1. This is an emergency petition to enforce this Court's March 19, 2026 Order and to prevent Defendants from proceeding with legislative action in violation of that Order. Absent immediate judicial intervention, Defendants will advance and potentially enact legislation through a process that has already been conducted unlawfully, causing irreparable harm that cannot be remedied after the fact.

2. This action arises from Defendants' unlawful advancement of legislation in violation of the Pennsylvania Sunshine Act and the Philadelphia Home Rule Charter.

Case ID: 260302655
Control No.: 26042509

3. After Plaintiffs initiated this action and sought emergency injunctive relief, the parties entered into a Stipulated Order, approved by this Court on March 19, 2026, requiring that any future proceedings comply fully with those laws. A copy of the Stipulation and Order is attached hereto as Ex. "A."

4. Defendants failed to comply.

5. The March 30, 2026 hearing did not remedy the violations alleged in the Complaint, it replicated them.

6. The Stipulation was not a mere restatement of existing law, it was entered to halt the precise misconduct alleged in the Complaint, Defendants nevertheless repeated that same conduct.

7. Plaintiffs therefore seek relief in the form of contempt, enforcement of the Court's Order, and sanctions.

8. This Petition presents an emergency requiring immediate judicial intervention.

9. Philadelphia City Council has scheduled Philadelphia City Council Bills Nos. 250329 and 250330 for consideration, reading, and final passage at its public meeting on April 16, 2026 at 10:00 a.m.

10. Defendants have already demonstrated noncompliance with this Court's March 19, 2026 Order during the March 30, 2026 Committee proceedings.

11. Accordingly, this matter requires immediate intervention. Plaintiffs respectfully request that this Court issue a Temporary Restraining Order Enjoining Defendants from proceeding with any further consideration, advancement, or vote on Philadelphia City Council Bills Nos. 250329 and 250330 pending a hearing on this Petition.

12. Absent such relief, Defendants will proceed with legislative action in violation of this Court's March 19, 2026 Order, rendering that Order ineffective and depriving Plaintiffs of their rights before the Court has an opportunity to adjudicate the merits of this Petition.

13. If the Bills are advanced or enacted in violation of this Court's Order, Plaintiffs will suffer immediate and irreparable harm, including the loss of their statutory rights under the Pennsylvania Sunshine Act and the Philadelphia Home Rule Charter to observe and participate in lawful public proceedings.

14. If the scheduled legislative action proceeds, the harm cannot be undone. Once a vote occurs and the legislative process advances or concludes, the resulting actions cannot be meaningfully reversed without substantial disruption to governmental operations. More importantly, the violation of Plaintiffs' statutory rights to observe and participate in lawful public proceedings will have already occurred. This loss of transparency and public participation is immediate and irreparable, and cannot be remedied after the fact.

15. Relief after April 16, 2026 will be inadequate, as the legislative process will have already progressed or concluded, requiring unwinding of official governmental action.

16. Accordingly, Plaintiffs respectfully request expedited consideration of this Petition and immediate scheduling of a hearing prior to April 16, 2026.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.    The Underlying Violations

7. Plaintiffs' First Verified Complaint alleges that Defendants, during the March 4, 2026 hearing:

a. Conducted deliberations and reached consensus outside of a public meeting;

b. Engaged in closed-door discussions regarding amendments;

c. Failed to make amended legislation available to the public;

d. Failed to provide meaningful public participation prior to voting; and

e. Conducted a hearing that functioned as a formality after decisions had already been made.

8. These actions violated both the Pennsylvania Sunshine Act and the Philadelphia Home Rule Charter.

**B.      Plaintiffs' Emergency Action and Court Intervention**

9. On March 18, 2026, Plaintiffs filed their First Verified Complaint and an Emergency Petition for Special and Preliminary Injunction. *Floyd v. City Council for the City of Philadelphia,* No. 260302655 (Pa. Ct. Com. Pl. Phila. Cnty. Mar. 18, 2026).

10. The Court issued a Rule to Show Cause and scheduled a hearing.

**C.      The Stipulation and Court Order**

11. On March 18, 2026, the parties entered into a Stipulation in lieu of the scheduled hearing.

12. On March 19, 2026, this Court approved the Stipulation, thereby converting it into a binding Court Order. *Floyd v. City Council for the City of Philadelphia*, No. 260302655 (Pa. Ct. Com. Pl. Phila. Cnty. Mar. 19, 2026) (Order Approving Stipulation).

13. The Stipulation required that any future hearing "comply fully with the Sunshine Act and the Philadelphia Home Rule Charter." Ex. "A."

**D.      Defendants' March 30, 2026 Conduct**

14. On March 30, 2026, Defendants conducted a Committee hearing concerning the Bills.

15. Although a quorum was initially present, members departed shortly thereafter, resulting in the absence of a quorum for substantial portions of the proceedings.

16. Committee members moved in and out of the hearing throughout the proceeding.

17. During the hearing, members left the public session and met privately with:

a. The bill sponsor;

b. The Council President; and

c. Representatives of interested parties.

18. Upon information and belief, substantive deliberations and consensus occurred during that private meeting.

19. Committee members returned shortly before the vote, and the Bills were advanced unanimously.

20. The public session functioned merely to formalize decisions reached outside public view.

21. Although it is customary and standard practice for full recordings of committee proceedings to be publicly posted, the complete video of the March 30, 2026 meeting has not been made available, even though recordings of subsequent meetings have already been posted.[1]

22. Such conduct constitutes deliberation outside a public meeting in violation of the Pennsylvania Sunshine Act.

23. This conduct mirrors the violations alleged in the Complaint.

24. Defendants have publicly scheduled further proceedings on the Bills, including during its already scheduled meeting on April 16, 2026 at 10:00 a.m., at which final passage is anticipated. These scheduled proceedings will continue the legislative process that is the subject of this action.

---

[1]     See Philadelphia City Council, "Legislative Meetings Video Archive," https://phlcouncil.com/council-news/

Philadelphia City Council YouTube Channel, https://www.youtube.com/@PhillyCityCouncil/videos.

## III. CONTEMPT

22. In order to sustain a finding of civil contempt, the complainant must show that: (1) that the contemnor had notice of the specific order or decree which they are alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent. *See Harcar v. Harcar*, 2009 PA Super 203, ¶ 1, 982 A.2d 1230, 1231.

23. Each element is satisfied here.

23. This Court approved the Stipulation on March 19, 2026, creating a binding Order.

24. Defendants had notice of that Order.

25. Defendants violated the Order by:

a. Conducting deliberations outside of a public meeting;

b. Reaching consensus in private; and

c. Conducting a hearing lacking a continuous quorum.

27. Defendants' conduct was not inadvertent, it was a repetition of the same practices challenged in this action.

28. Moreover, Defendants' conduct was not merely noncompliant, it rendered the Court's prior Order ineffective unless enforced.

29. Accordingly, Defendants should be held in civil contempt.

## IV. ENFORCEMENT OF COURT ORDER

29. This Court retains inherent authority to enforce its Orders.

30. The Stipulation required compliance with the Sunshine Act and the Philadelphia Home Rule Charter. Ex. "A."

Case ID: 260302655
Control No.: 26042509

31. Defendants' March 30, 2026, conduct demonstrates that, absent judicial intervention, they will continue to engage in unlawful practices.

32. Enforcement is necessary to:

a. Ensure deliberations occur in public;

b. Prevent private consensus-building; and

c. Preserve Plaintiffs' statutory rights to participate.

33. Plaintiffs therefore request that the Court:

a. Enforce its March 19, 2026 Order;

b. Declare the March 30, 2026 proceedings unlawful; and

c. Require strict compliance going forward.

## V.  SANCTIONS

34. Defendants' noncompliance has required Plaintiffs to incur additional time and expense.

35. This Court may and should impose sanctions to compel compliance with their Orders. Attorney fees may be assessed as a sanction for the contemnor's refusal to comply with a court Order, causing the innocent party to incur fees in an effort to obtain what was rightfully his. See 42 Pa.C.S.A. § 2503, Right of participants to receive counsel fees; *Rhoades v. Pryce*, 2005 PA Super 162, 874 A.2d 148 (Pa. Super. 2005), (holding attorney fees may be awarded as a sanction to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance with a court Order); see also *Goodman v. Goodman, 383 Pa. Super. 374, 556 A.2d 1379 (1989)*.

36. Absent sanctions, Defendants will suffer no consequence for disregarding the Court's Order.

37. Plaintiffs therefore request an award of attorneys' fees and costs incurred in bringing this Petition.

## VI. CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court:

a) Grant Plaintiffs' Emergency Petition and schedule an expedited hearing;

b) Issue a Rule to Show Cause directing Defendants to respond on an expedited basis;

c) Hold Defendants in Civil Contempt

d) Declare that the March 30, 2026 Committee proceedings and any vote taken therein regarding Philadelphia City Council Bills Nos. 250329 and 250330 are invalid as conducted in violation of this Court's March 19, 2026 Order;

e) Order Defendants to comply with the Pennsylvania Sunshine Act and the Philadelphia Home Rule Charter in any further proceedings concerning said Bills;

f) Temporarily restrain Defendants from advancing, voting upon, or otherwise acting on Philadelphia City Council Bills Nos. 250329 and 250330 pending further Order of this Court;

g) Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 Pa.C.S.A. § 2503; and

h) Grant such other relief as the Court deems just and proper.

Respectfully submitted,

GERMAN, GALLAGHER & MURTAGH

BY: _____
Briana Lynn Pearson, Esq.
*Attorneys for Plaintiffs*

*April 9, 2026*

Case ID: 260302655
Control No.: 26042509

**GERMAN, GALLAGHER & MURTAGH**
By: Briana L. Pearson, Esquire
Identification No. 327007
The Bellevue, Suite 500
200 S. Broad Street
Philadelphia, PA 19102
(215) 545-7700
(215) 732-4182 – Fax
pearsonb@ggmfirm.com

**Attorneys for Plaintiffs Seth Floyd
and Erica Hadley**

---

| | |
|---|---|
| **SETH FLOYD and ERICA HADLEY** | **COURT OF COMMON PLEAS** |
| | **PHILADELPHIA COUNTY** |
| **v.** | |
| | **NO. 260302655** |
| **CITY OF PHILADELPHIA, et al.** | |

---

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR EMERGENCY PETITION FOR CIVIL CONTEMPT, TO ENFORCE COURT-APPROVED STIPULATION AND ORDER, AND FOR SANCTIONS

Plaintiffs Seth Floyd and Erica Hadley, by and through undersigned counsel, submit this Memorandum of Law in support of their Emergency Petition for Civil Contempt, to Enforce Court-Approved Stipulation and Order, and for Sanctions. Defendants did not merely fall short of compliance with this Court's March 19, 2026 Order, they disregarded it. After securing the benefits of that Order, Defendants proceeded to engage in the very conduct it was intended to prohibit. This Petition is therefore necessary to vindicate the authority of the Court, compel compliance, and address Defendants' continued refusal to adhere to binding judicial directives.

### I.      INTRODUCTION

This is an emergency petition to enforce this Court's March 19, 2026 Order and to prevent Defendants from proceeding with legislative action in violation of that Order. Absent immediate judicial intervention, Defendants will advance and potentially enact legislation through a process

Case ID: 260302655
Control No.: 26042509

that has already been conducted unlawfully, causing irreparable harm that cannot be remedied after the fact. This matter returns to the Court following Defendants' violation of a Court approved Stipulation entered on March 19, 2026. That Stipulation was not aspirational. It was the mechanism by which Defendants avoided immediate injunctive relief and agreed to conduct future proceedings in compliance with the Pennsylvania Sunshine Act and the Philadelphia Home Rule Charter.

Defendants did not comply. Instead, at the March 30, 2026 hearing, Defendants engaged in the same conduct that gave rise to this action, including conducting deliberations outside public view, reaching consensus in private, and proceeding without a continuous quorum. Pennsylvania law is clear. Where a party violates a court order with notice and volition, contempt is appropriate. Where that violation forces the opposing party to return to court, enforcement and sanctions are not discretionary in any practical sense. They are necessary to preserve the authority of the Court.

## II.     EMERGENCY NATURE OF RELIEF

This Petition presents an emergency requiring immediate judicial intervention. Philadelphia City Council has scheduled Philadelphia City Council Bills Nos. 250329 and 250330 for consideration, reading, and final passage at its public meeting on April 16, 2026 at 10:00 a.m. Defendants have already demonstrated noncompliance with this Court's March 19, 2026 Order during the March 30, 2026 Committee proceedings. Absent immediate intervention, Defendants will continue to advance the Bills through the legislative process in the same unlawful manner.

If the Bills are advanced or enacted in violation of this Court's Order, Plaintiffs will suffer immediate and irreparable harm, including the loss of their statutory rights under the Pennsylvania Sunshine Act and the Philadelphia Home Rule Charter to observe and participate in lawful public proceedings. Relief after April 16, 2026 will be inadequate, as the legislative process will have

Case ID: 260302655
Control No.: 26042509

already progressed or concluded, requiring unwinding of official governmental action. The circumstances presented warrant immediate injunctive relief. Plaintiffs have demonstrated a clear likelihood of success on the merits, as Defendants were subject to a binding Court Order requiring compliance with the Pennsylvania Sunshine Act and the Philadelphia Home Rule Charter and nonetheless engaged in the same conduct that gave rise to this action. Plaintiffs have also established immediate and irreparable harm. Once Defendants proceed with further legislative action, including any vote on the Bills, the resulting harm cannot be undone, as the legislative process will have advanced or concluded in violation of this Court's Order and Plaintiffs' statutory rights will have been irretrievably lost.

The balance of harms strongly favors relief. Granting a temporary restraining order will merely require Defendants to comply with existing law and this Court's prior Order, while denial of relief will permit continued unlawful conduct. The public interest likewise favors enforcement of open government laws and adherence to judicial orders.

Accordingly, for the reasons laid out herein, this Court should immediately issue a temporary restraining order enjoining Defendants from proceeding with any further consideration, advancement, or vote on Philadelphia City Council Bills Nos. 250329 and 250330 pending a hearing on Plaintiffs' Petition. Plaintiffs also respectfully request expedited consideration of this Petition and immediate scheduling of a hearing prior to April 16, 2026.

### III.    FACTS AND PROCEDURAL HISTORY

Plaintiffs initiated this action by filing a Verified Complaint and Emergency Petition on March 18, 2026 alleging violations of the Pennsylvania Sunshine Act and the Philadelphia Home Rule Charter. *Floyd v. City Council for the City of Philadelphia*, No. 260302655 (Pa. Ct. Com. Pl. Phila. Cnty. Mar. 18, 2026) (First Verified Complaint). The Complaint alleges that Defendants

Case ID: 260302655
Control No.: 26042509

conducted deliberations outside of public meetings, engaged in private consensus building, failed to disclose amendments, and deprived the public of meaningful participation.

On March 18, 2026, this Court issued a Rule to Show Cause and scheduled a hearing. Rather than proceed, Defendants entered into a Stipulation that same day. On March 19, 2026, the Court approved that Stipulation, converting it into a binding Order. A copy of the Stipulation and Order is attached hereto as Ex. "A." The Stipulation required that any future proceedings "comply fully with the Sunshine Act and the Philadelphia Home Rule Charter." Ex. "A." On March 30, 2026, Defendants conducted another Committee hearing. Although a quorum was initially present, members departed, leaving no quorum for substantial portions of the proceeding. Members moved in and out of the hearing. During the proceeding, members left the public session and met privately with the bill sponsor, the Council President, and representatives of interested parties. Upon information and belief, substantive deliberations and consensus occurred during that private meeting. Members returned shortly before the vote and advanced the Bills unanimously. Although it is customary and standard practice for full recordings of committee proceedings to be publicly posted, the complete video of the March 30, 2026 meeting has not been made available, even though recordings of subsequent meetings have already been posted.[2] Such conduct constitutes deliberation outside a public meeting in violation of the Pennsylvania Sunshine Act. This conduct mirrors the violations alleged in the Complaint and occurred after entry of a binding Court Order.

---

[2] See Philadelphia City Council, "Legislative Meetings Video Archive," https://phlcouncil.com/council-news/

Philadelphia City Council YouTube Channel, https://www.youtube.com/@PhillyCityCouncil/videos.

Case ID: 260302655
Control No.: 26042509

## IV.    QUESTIONS PRESENTED

1. *Whether Defendants should be held in civil contempt for violating a Court approved Stipulation and Order.*

   *Suggested Answer: Yes.*

2. *Whether this Court should enforce its March 19, 2026 Order.*

   *Suggested Answer: Yes.*

3. *Whether sanctions, including attorneys' fees, are warranted.*

   *Suggested Answer: Yes.*

## V.    ARGUMENT

### A. Defendants Should Be Held in Civil Contempt

Under Pennsylvania law, civil contempt requires a showing that (1) the contemnor had notice of the specific order or decree alleged to have been disobeyed, (2) the act constituting the violation was volitional, and (3) the contemnor acted with wrongful intent. *Harcar v. Harcar*, 2009 PA Super 203, ¶ 1, 982 A.2d 1230, 1231. Each element is satisfied on this record.

First, Defendants had notice of the Court's Order. The Stipulation approved on March 19, 2026 constitutes a binding Order of this Court. Defendants were parties to that Stipulation and agreed to its entry. Notice is therefore not merely established but undeniable. Second, Defendants' conduct was volitional. The actions giving rise to the violation were not accidental or inadvertent. Defendants affirmatively conducted a hearing in which members departed, participated intermittently, and engaged in discussions outside the public proceeding. These actions were deliberate choices in how the hearing was conducted. Third, Defendants acted with wrongful intent.

The Order required compliance with the Sunshine Act and the Philadelphia Home Rule Charter. Yet Defendants repeated the very conduct the Order was designed to prevent, including conducting deliberations outside of a public meeting, reaching consensus in private with decision makers and interested parties, and proceeding through substantial portions of the hearing without a quorum. These are not technical or inadvertent deviations. They reflect a conscious disregard of the Court's directive.

As recognized in *Harcar*, contempt turns on whether the conduct was willful. Here, Defendants' repetition of the same unlawful practices after entry of the Court's Order establishes that their noncompliance was not only volitional but undertaken with wrongful intent. Defendants' actions cannot be characterized as inadvertent. The March 30, 2026, proceeding replicated the same conduct challenged in the Complaint and addressed by the Stipulation. That repetition, after judicial intervention, establishes willfulness.

The record therefore satisfies the standard articulated in *Harcar*. Defendants had notice of a clear order, understood its purpose, and chose to proceed in the same manner regardless. Accordingly, a finding of civil contempt is warranted. Defendants' conduct was not merely noncompliant, it rendered the Court's prior Order ineffective unless enforced.

**B. This Court Should Enforce Its Order**

A court order has no practical force unless the Court is willing to enforce it. Courts possess inherent authority to compel obedience to their orders through contempt and related sanctions, both to vindicate the Court's authority and to secure compliance. *Brocker v. Brocker*, 429 Pa. 513, 517–18, 241 A.2d 336, 337–38 (1968). Where a party's conduct demonstrates disregard for a court's directive, enforcement is not discretionary but necessary.

Case ID: 260302655
Control No.: 26042509

That is the situation here. The March 30, 2026 hearing confirms that the Stipulation did not achieve compliance. Defendants have continued to conduct proceedings in a manner inconsistent with governing law and this Court's Order. The violation is concrete. It resulted in a legislative process in which substantive deliberations occurred outside public view, while the public proceeding served only to formalize decisions already made. This is precisely the harm alleged in the Complaint and precisely what the Stipulation was intended to prevent.

The purpose of enforcement is both remedial and coercive, to ensure compliance and to preserve the authority of the Court. *Brocker*, 429 Pa. at 518, 241 A.2d at 338. Without enforcement, the Court's Order is reduced to a nullity and Defendants are effectively permitted to continue noncompliant conduct. Enforcement is therefore required to compel adherence to the Court's Order, to ensure that future proceedings comply with the law, and to uphold the authority of this Court.

## C. Sanctions Are Warranted

Pennsylvania law expressly authorizes the award of attorneys' fees as a sanction where a party's conduct necessitates further proceedings. See 42 Pa.C.S.A. § 2503. Pennsylvania Courts have recognized that attorney fees may be awarded in contempt proceedings to compensate the injured party for losses resulting from noncompliance with a court order. *Rhoades v. Pryce*, 2005 PA Super 162, 874 A.2d 148 (Pa. Super. Ct. 2005). Similarly, courts have upheld the imposition of counsel fees where a party's conduct in disregarding a court order required the opposing party to expend resources to enforce compliance. *Goodman v. Goodman, 383 Pa. Super. 374, 556 A.2d 1379 (1989)*.

These principles apply directly here. Defendants' noncompliance forced Plaintiffs to return to Court to enforce an Order that Defendants had already agreed to follow. This is precisely the

Case ID: 260302655
Control No.: 26042509

circumstance contemplated by Section 2503 and recognized in *Rhoades*, where fees serve a compensatory function by reimbursing the aggrieved party for the costs imposed by the contemnor's conduct. As reflected in the analysis in *Harcar*, sanctions may be imposed to compensate the innocent party forced to incur costs in obtaining what was rightfully due under a court order. The same rationale applies here. Plaintiffs should not bear the cost of enforcing compliance with an Order that Defendants voluntarily entered and then disregarded.

Moreover, without sanctions, the violation carries no consequence. The absence of consequences invites repetition. The record already reflects that Defendants repeated the challenged conduct once after entry of the Order. There is no basis to expect compliance going forward absent meaningful enforcement. An award of attorneys' fees and costs is therefore appropriate to compensate Plaintiffs and to ensure that the Court's Order is not treated as optional.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Petition, hold Defendants in civil contempt, declare that the March 30, 2026 Committee proceedings and any vote taken therein regarding Philadelphia City Council Bills Nos. 250329 and 250330 are invalid as conducted in violation of this Court's March 19, 2026 Order, order Defendants to comply with the Pennsylvania Sunshine Act and the Philadelphia Home Rule Charter in any further proceedings concerning said Bills, award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 Pa.C.S.A. § 2503, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

GERMAN, GALLAGHER & MURTAGH
BY:    _____
Briana Lynn Pearson, Esq.
*Attorneys for Plaintiffs*

*April 9, 2026*

Case ID: 260302655
Control No.: 26042509

## **VERIFICATION**

I, Seth Floyd, verify that I am a Plaintiff in the foregoing matter and that the statements set forth in the foregoing Emergency Petition for Civil Contempt, to Enforce Court-Approved Stipulation and Order, and for Sanctions are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Seth Floyd

Date: April 9, 2026

Case ID: 260302655
Control No.: 26042509

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

I further certify that this filing complies with all applicable rules of court, including any requirements regarding formatting, word count, and length, to the extent such requirements apply.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2026, a true and correct copy of Plaintiffs' Petition for Civil Contempt, to Enforce Court-Approved Stipulation and Order, and for Sanctions was filed and served upon all counsel of record via the Court's electronic filing system (ECF).

## CERTIFICATION OF NOTICE

I hereby certify that on this 9th day of April, 2026, I provided notice of the filing of the foregoing Emergency Petition to counsel for Defendants via electronic mail and/or the Court's electronic filing system.

GERMAN, GALLAGHER & MURTAGH

BY: _____
Briana Lynn Pearson, Esq.
*Attorneys for Plaintiffs*

*April 9, 2026*

Case ID: 260302655
Control No.: 26042509

# EX. A

Case ID: 260302655
Control No.: 26042509

SETH FLOYD and ERICA HADLEY       :
        Plaintiffs,       :       PHILADELPHIA COUNTY
        :       COURT OF COMMON PLEAS
        v.       :       TRIAL DIVISION
        :
CITY COUNCIL FOR THE CITY OF       :       MARCH TERM, 2026
PHILADELPHIA and PHILADELPHIA CITY   :
COUNCIL COMMITTEE ON HOUSING,   :       CIVIL CASE 2655
NEIGHBORHOOD DEVELOPMENT AND   :
THE HOMELESS       :
        Defendants

On this 18th day of March, 2026, it is hereby STIPULATED by and between the parties, Plaintiffs Seth Floyd and Erica Hadley, and Defendants City Council for the City of Philadelphia ("Philadelphia City Council") and the Committee on Housing, Neighborhood Development and the Homeless ("The Committee"), the following:

- Philadelphia City Council Bill numbers 250329 and 250330 (the "Bills") will not be voted upon for final passage in City Council on March 19, 2026;
- Instead, the sponsor of Bill Numbers 250329 and 250330 will move to have the Bills referred back to the Committee;
- Should the Committee choose to have a hearing in the future on the Bills, the Defendants shall comply fully with the Sunshine Act as well as the Charter; and
- No party admits any fault or the violation of any law;

This stipulation is being made by agreement of the parties in lieu of the hearing scheduled for this day at 4pm, such hearing being no longer necessary, and Plaintiffs will request that the hearing be canceled and this stipulation be entered on the docket.


BY: _/s/_____       By: /s/ _____
   John S. Summers, Esq.          Lydia Furst, Esq.
   *Counsel for the Plaintiffs*          Chief Deputy City Solicitor
               *Counsel for the Defendants*

                *Christopher R. Hall* 3/18/2026

So ORDERED _____

STPAP-Floyd Vs City Council For The City Of Philadelphia [ECD]



26030265500012

Case ID: 260302655
Control No.: 26042509