**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PLAINTIFF(S)** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **DEFENDANT(S)** | **NO.  ##-####** |
| **Defendant.** | |

**DRAFT ORDER GOVERNING ELECTRONIC DISCOVERY**

**AND NOW**, this  day of ____ day of _____, 20__, in anticipation of the Rule 16 conference, it is **ORDERED** as follows:

1.      **Introduction**.  Parties are expected to reach agreements co-operatively on how to conduct discovery and should endeavor not to request the Court's assistance in resolving any discovery disputes including disputes over electronic discovery.  Prior to the Rule 16 Conference the parties shall comply with paragraphs 2, 3 and 4 below.  In the event the parties cannot reach an agreement on how to conduct electronic discovery before the Rule 16 conference, the default standards set forth in paragraphs 5 through 10 shall apply.

2.      **Exchange of e-discovery materials**.  Prior to the Rule 26(f) conference, the parties shall exchange the following information:

a.      a list of the most likely custodians of relevant electronic materials, including a brief description of each person's title and responsibilities;

b.      a list of each relevant electronic system that has been in place at all relevant times and a general description of each system, including the nature, scope, character, organization, and formats employed in each system;

c.      other pertinent information about their electronic documents and whether those electronic documents are of limited accessibility, that is, those created or used by electronic

media no longer in use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost;

      d.    the name of the individual responsible for the party's electronic document retention policies ("the retention coordinator");

      e.    a general description of the party's electronic document retention policies;

      f.    the name of the individual who shall serve as the party's "e-discovery liaison;" and,

      g.    a description of any problems reasonably anticipated to arise in connection with e-discovery.

To the extent that the state of the pleadings does not permit a meaningful discussion of the above issues by the time of the Rule 26(f) conference, the parties shall agree on a date by which this information will be mutually exchanged and provide that date to the Court in their joint Rule 16 conference submission.

3.    **E-discovery conference**. The parties shall discuss the parameters of their anticipated e-discovery at the Rule 26(f) conference and shall be prepared to address e-discovery at the Rule 16 conference with the court.

4.    **E-discovery liaison**. No later than the date of the Rule 16 Conference, each party shall designate a single individual through whom all e-discovery requests and responses are made ("the e-discovery liaison"). The purpose of the e-discovery liaison is to promote communication and cooperation between the parties regarding e-discovery. Regardless of whether the e-discovery liaison is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, he or she must be:

a.    familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions;

b.    knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues;

c.    prepared to participate in e-discovery dispute resolutions; and,

d.    responsible for organizing the party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process.

5.    **Search methodology**. If the parties intend to employ an electronic search to locate relevant electronic documents, the parties shall disclose any restrictions as to scope and method which might affect their ability to conduct a complete electronic search of the electronic documents. The parties shall reach agreement as to the method of searching, and the words, terms, and phrases to be searched with the assistance of the respective e-discovery liaisons, who are charged with familiarity with the parties' respective systems. The parties also shall reach agreement as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery. To minimize the expense, the parties may consider limiting the scope of the electronic search (*e.g.*, time frames, fields, document types).

6.    **Timing of e-discovery**. Discovery of electronic documents shall proceed in the following sequenced fashion:

a.    after receiving requests for document production, the parties shall search their documents, other than those identified as limited accessibility electronic documents, and produce responsive electronic documents, all in accordance with Federal Rule of Civil Procedure 26(B)(2);

b.	electronic searches of documents identified as of limited accessibility shall not be conducted until the initial electronic document search has been completed;

c.	any requests for information expected to be found in limited accessibility documents must be narrowly focused with a factual basis supporting the request; and,

d.	on-site inspections of electronic media under Federal Rule of Civil Procedure 34(b) shall not be permitted, absent exceptional circumstances where good cause and specific need have been demonstrated.

7.	**Format**. If the parties cannot agree to the format for document production, electronic documents shall be produced to the requesting party as text searchable image files (*e.g.,* PDF or TIFF) except as follows:  files that are not easily converted to image format, such as Excel and Access Files, should be produced in native format.  In preparing the image file for production the producing party must preserve the integrity of the electronic document's contents, *i.e.,* the original formatting of the document, its metadata and, where applicable, its revision history. After initial production in image file format is complete, if any party requests production of electronic documents in native format, the parties shall meet and confer to discuss the parameters of any such production.  A party seeking production of electronic documents in their native format must demonstrate particularized need for those documents.

8.	**Retention**.  The parties shall negotiate an agreement that outlines the steps each party shall take to segregate and preserve the integrity of all relevant electronic documents. In order to avoid later accusations of spoliation deposition of each party's retention coordinator pursuant to Federal Rule of Civil Procedure 30(b)(6) may be appropriate. The retention coordinators shall:

a.	take steps to ensure that e-mail of identified custodians shall not be permanently deleted in the ordinary course of business and that electronic documents maintained by the individual custodians shall not be altered; and,

b.	provide notice as to the criteria used for spam and/or virus filtering of e-mails and attachments;  Documents  filtered out by such systems shall be deemed non- responsive so long as the criteria underlying the filtering are reasonable.

9.	**Privilege**.  Electronic documents that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production. All copies shall be returned or destroyed by the receiving party.

10.	**Costs**.	Generally, the costs of discovery shall be borne by each party. However, the court may apportion the costs of electronic discovery upon a showing of good cause.

**BY THE COURT:**

**/s/ Wendy Beetlestone**

_____
**WENDY BEETLESTONE, J.**

5