**Attorneys for Plaintiffs,**
*Seth Floyd and*
*Erica Hadley*

**PEARSON LAW GROUP**
**By:  Briana Lynn Pearson, Esquire**
**Identification No. 327007**
**1500 Chestnut St. Suite 2 #2898**
**Philadelphia, PA 19102**
**Phone: 484-469-0322**
**Fax: 856-229-9991**
**Email: bpearson@pearsonlawgroup.org**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLOYD  et al. | : | |
| | : | |
| v. | : | No. 2:26-cv-02403 |
| | : | |
| CITY COUNCIL FOR THE CITY OF PHILADELPHIA, et al. | : | |

1. **<u>DISCUSSION OF CLAIMS, DEFENSES, AND RELEVANT ISSUES</u>**

Counsel for the parties met and conferred on June 18, 2026, pursuant to Rule 26(f), and agreed to conduct discovery in good faith and to cooperate in an effort to efficiently resolve discovery issues without unnecessary motion practice.

a. **PLAINTIFFS' CLAIMS**

Plaintiffs challenge the enactment and implementation of Philadelphia Bills 250329 and 250330, which have since been enacted and are presently scheduled to become effective in the Fall of 2026. Plaintiffs allege violations of the Pennsylvania Sunshine Act, the Philadelphia Home Rule Charter, the United States Constitution, the Pennsylvania Constitution, and 42 U.S.C. § 1983, as more fully set forth in the Complaint and First Amended Complaint.

Plaintiffs contend that material portions of the legislative process occurred outside of public view and without the meaningful opportunity for public participation contemplated by law. Plaintiffs further contend that subsequent hearings and proceedings undertaken after the commencement of this litigation suffered from many of the same deficiencies alleged in the pleadings and did not remedy the underlying violations. Plaintiffs contend that the repeated use of procedures and practices which Defendants may regard as routine or customary does not render those practices lawful, compliant with governing statutes and constitutional requirements, or consistent with Plaintiffs' rights.

Plaintiffs further contend that Bills 250329 and 250330, as enacted, impose substantial regulatory burdens upon small, non-institutional housing providers and

affect property rights, investment-backed expectations, and the operation of rental properties. Plaintiffs allege that the enactment and anticipated implementation of the legislation will increase compliance costs, litigation exposure, and operational burdens and will adversely affect the availability of naturally occurring affordable housing.

Plaintiffs contend that the challenged actions, individually and collectively, give rise to claims for declaratory and injunctive relief and other relief as set forth in the pleadings. Plaintiffs further contend that discovery is necessary concerning the drafting, amendment, enactment, and implementation of Bills 250329 and 250330, the communications and actions of City Council members and staff, the City's policies, customs, and practices, the factual bases underlying the legislation, the anticipated manner of enforcement, and the nature and extent of Plaintiffs' injuries and damages.

b. **<u>DEFENSES</u>**

As explained in Defendants' prior briefing, Defendants contend that the claimed procedural violations, whether under the Sunshine Act, Charter, or otherwise are meritless in light of the multiple hearings held by Defendants. In addition, Defendants contend that substantively, the Bills are a constitutional use of the City of Philadelphia's legal authority. Defendants intend to file a Motion to Dismiss

pursuant to Rule 12. The Defendants believe that the substantive challenges to the laws have fatal legal flaws that require no factual discovery or development to adjudicate, including justiciability issues. If the case proceeds to discovery, Defendants anticipate challenging the relevance of the expected testimony regarding landlord's operational costs and litigation risk and any attempt to infringe on the legislative immunity and privilege enjoyed by the City's legislators and staff.

2.  **INITIAL AND INFORMAL DISCLOSURES**

The parties have exchanged Rule 26(a)(1) disclosures and agree to supplement those disclosures in accordance with Rule 26(e). The parties further agree to cooperate in the informal exchange of non-privileged information where appropriate to facilitate efficient discovery and minimize unnecessary expense.

3.  **FORMAL DISCOVERY**

Plaintiffs propose that fact discovery be completed within approximately one hundred and twenty (120) days. Given the nature of the claims and issues presented, Plaintiffs contend that this matter is not a simple case. The litigation involves constitutional and statutory claims, legislative history, electronically stored information, anticipated document production, and expert testimony concerning, among other things, housing, economics, valuation, and damages.

Defendants do not object to Plaintiffs' proposed discovery period but believe that this case presents straightforward legal challenges to landlord-tenant legislation and so fact discovery should not be extensive, particularly in light of the very limited discovery permitted by legislative immunity and privilege.

The parties recognize that identifying and retaining appropriate experts may itself require a reasonable amount of time.The parties agree that expert disclosures shall occur thirty (30) days following the close of fact discovery. Expert discovery shall proceed thereafter in accordance with the Federal Rules of Civil Procedure.

The parties anticipate written discovery followed by depositions and expert discovery. As a result of Plaintiffs' earlier motions, Defendants have already provided certain documents and materials to Plaintiffs. Plaintiffs intend, to the extent practicable, to avoid serving duplicative discovery requests, with the understanding that certain requests and responses may necessarily overlap with materials previously produced. Defendants note that legislative immunity and/or privilege may apply to Plaintiffs' requests and such immunity and privileges will not be waived.

The parties have discussed the need for the entry of a protective order before the production of certain categories of documents and information. The parties are presently working cooperatively to finalize the terms of an appropriate protective

order and anticipate submitting a proposed order to the Court in due course. The parties believe that the proposed schedule is reasonable and proportional to the needs of the case and anticipate that the matter will be trial-ready during the early to middle portion of 2027.

The parties agree to conduct discovery in good faith and endeavor to resolve disputes without Court intervention whenever possible. The parties anticipate discovery involving documentary evidence, electronically stored information, communications, and testimony from fact witnesses and experts. Dispositive motions are anticipated following the completion of discovery.

4. **ELECTRONIC DISCOVERY**

The parties agree to cooperate regarding the identification, preservation, and production of electronically stored information and to confer concerning any issues relating to electronically stored information should such issues arise. At present, the parties do not anticipate the need for a separate ESI protocol but reserve the right to seek appropriate relief should issues concerning electronically stored information arise.

5. **EXPERT WITNESS DISCLOSURES**

The parties agree that expert disclosures shall occur thirty (30) days following the completion of fact discovery. Expert discovery shall proceed thereafter in accordance with the Federal Rules of Civil Procedure. Any motions relating to expert testimony shall be filed in accordance with deadlines established by the Court.

6. **EARLY SETTLEMENT OR RESOLUTION**

Counsel have discussed alternative dispute resolution and have advised their respective clients regarding available ADR procedures. The parties are agreeable to participating in a settlement conference before a Magistrate Judge at an early stage of the proceedings, before substantial resources are expended on extensive discovery and expert testimony, in the interest of efficiency and the conservation of party and judicial resources. The parties will continue to evaluate opportunities for resolution throughout the course of litigation.

7. **TRIAL DATE**

The parties anticipate that this matter will be trial ready by March 1, 2027.

8. **OTHER**

Since the filing of Plaintiffs' First Amended Complaint, Bills 250329 and 250330 have been finalized and enacted in forms that differ from the versions

which existed at the time suit was filed and at the time the First Amended Complaint was filed. Plaintiffs anticipate filing a further amended complaint to revise, narrow, and tailor their allegations and claims to the current operative versions of the legislation. Defendants do not object to Plaintiffs seeking leave to amend for that purpose but anticipate filing a motion to dismiss thereafter, and seek to have discovery stayed pending resolution of that motion.

The parties have agreed to conduct this litigation professionally and cooperatively and reserve all rights concerning amendment of pleadings, expert disclosures, dispositive motions, and any additional relief available under the Federal Rules of Civil Procedure.

| By: /s/ Michael Pfautz<br>WILLIAM B. SHUEY (PA ID No. 208792)<br>Senior Attorney<br>MICHAEL PFAUTZ (PA ID No. 325323)<br>Deputy City Solicitor<br>Affirmative & Special Litigation<br>CITY OF PHILADELPHIA LAW DEPARTMENT<br>*Counsel for Defendants* | PEARSON LAW GROUP<br><br>/s/ Briana Lynn Pearson<br><br>_____<br>Briana Lynn Pearson, Esq.<br>*Counsel for Plaintiffs* |
| --- | --- |

Dated: June 22, 2026