**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| SETH FLOYD, *et al.*,<br><br>      *Plaintiffs,*<br><br>      v.<br><br>CITY COUNCIL FOR THE CITY OF PHILADELPHIA, *et al.*,<br><br>      *Defendants.* | Case No. 2:26-cv-02403-WB |

**BRIEF IN SUPPORT OF MOTION TO PARTICIPATE AS *AMICI CURIAE***

Daniel Urevick-Ackelsberg
Olivia Mania
PUBLIC INTEREST LAW CENTER
2 Penn Center
1617 JFK Blvd., Suite 1650 Philadelphia, PA 19102
267-546-1316
dackelsberg@pubintlaw.org
Attorneys for Proposed *Amici Curiae*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................... ii

I.   Introduction ................................................................................................. 1

II.  Identification of Proposed *Amici Curiae* .................................................. 1

III. Legal Standard ........................................................................................... 2

IV.  Argument .................................................................................................... 3

    A.   Proposed *Amici Curiae* have a special, sufficiently unrepresented interest in this matter ......................................................................... 3

    B.   Proposed *Amici Curiae*'s participation will be useful to this Court ................. 4

    C.   Proposed *Amicus Curiae* make a "strong" and "responsible presentation," even if they desire a specific outcome in this matter ..................................... 5

V.   Conclusion .................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

*Burlington v. News Corp.*,
No. CIV.A. 09-1908, 2015 WL 2070063 (E.D. Pa. May 4, 2015)....................................5

*C.P. v. New Jersey Dep't of Educ.*,
No. CV 19-12807, 2019 WL 6907490 (D.N.J. Dec. 19, 2019).......................................6

*Dwelling Place Network v. Murphy*,
No. 20-6281, 2020 WL 3056305 (D.N.J. June 9, 2020) ...............................................6

*Frempong v. Richardson*,
209 A.3d 1001 (Pa. Super. Ct. 2019) ........................................................................3

*HAPCO v. City of Phila.*, 482 F. Supp. 3d 337 (E.D. Pa. 2020)........................................3

*Johnson v. Bullock-Freeman*, 61 A.3d 272 (Pa. Super. Ct. 2013)..................................3

*Kyocera Document Sols. Am., Inc. v. Div. of Admin.*,
708 F. Supp. 3d 531 (D.N.J. 2023)..............................................................................4

*Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206 (E.D. Pa. 2005).......passim

*Muldoon v. Penn State Health*,
No. 1:25-CV-01181, 2026 WL 2168471 (M.D. Pa. July 28, 2026)..................................4

*Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*,
293 F.3d 128 (3d Cir. 2002) ...........................................................................4, 6, 7

**Other Authorities**

*Housing Justice*, One PA, https://www.onepa.org/housing-justice/ (last visited Aug. 3,
2026) ....................................................................................................................1, 2

Karen U. Lindell & Claudia De Palma, *Friendly Gatekeepers: Lessons from an Empirical
Analysis of Amicus Briefs in Federal District Courts*, 45 Rev. Litig. 225 (2026).......5, 6

*One PA*, https://www.onepa.org/housing-justice/ (last visited Aug. 3, 2026)...................1

*Tenant Union Representative Network*, https://rturn.net/ (last visited Aug. 3, 2026) .......1

## I.    Introduction

The Tenant Union Representative Network ("TURN") and One Pennsylvania Activists United ("One PA") seek to participate in this action as *amici curiae* (together, "Proposed *Amici Curiae*"). They do so to assist this Court in assessing Plaintiffs' attempt to enjoin Philadelphia's recently enacted Safe Healthy Homes legislation, and in support of the City of Philadelphia's motion to dismiss this case.

## II.    Identification of Proposed *Amici Curiae*

For more than fifty years, TURN has served as "a service and advocacy organization that promotes the human right to housing."[1] Based in Philadelphia, TURN helps renters advocate for themselves, protect and uphold their rights to safe, healthy housing, protect tenant organizers, and advocate for the right of tenants "to a safe and decent place to live."[2] TURN holds eviction defense clinics that prepare tenants to represent themselves in landlord-tenant court, holds repair clinics to help tenants demand adequate maintenance in their homes, and inspects rental properties to ensure they meet Housing Quality Standards.[3] TURN supports the Safe Healthy Homes legislation.

One PA "is a grassroots movement for racial, economic, and social justice in Pennsylvania."[4] One PA is committed to addressing an ongoing, multifaceted housing crisis.[5] Founded in 2019 and made part of One PA in 2023, Renters United Philadelphia

---

[1] *Tenant Union Representative Network*, https://rturn.net/ (last visited Aug. 3, 2026).
[2] *Id.*
[3] *Id.*
[4] *One PA*, https://www.onepa.org/housing-justice/ (last visited Aug. 3, 2026).
*Housing Justice*, One PA, https://www.onepa.org/housing-justice/ (last visited Aug. 3, 2026).

is a One PA project dedicated to "build[ing] people power to protect renters from landlords who choose profit over maintaining dignified housing, and to preserve and increase the amount of affordable housing in Pennsylvania."[6] Both on its behalf, and on behalf of members, One PA advocates for Philadelphia housing policies that protect the rights of renters, including advocating for the passage of the Safe Healthy Homes legislation.

### III.    Legal Standard

Squarely within the "inherent authority" of a district court is the power "to appoint *amicus curiae* to assist in a proceeding," particularly where an *amicus* brief is helpful to the Court in evaluating the matter before it. *Martinez v. Cap. Cities/ABC-WPVI*, 909 F. Supp. 283, 286 (E.D. Pa. 1995). District courts deciding motions to accept an *amicus* filing generally consider a series of non-exclusive factors, including whether: "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005). District courts often analyze these factors in concert with the Third Circuit's overlapping analysis under Federal Rule of Appellate Procedure 29, including whether a movant has (a) an adequate interest in the litigation, (b) whether such participation is desirable, and (c) whether it is relevant. *See, e.g.*, *Martinez*, 909 F. Supp. at 286.

---

[6] *Id.*

2

IV.    **Argument**

Proposed *Amici Curiae* have a special, unrepresented interest in this matter. Moreover, the information provided by their Proposed Brief is relevant and useful to the Court as it considers this case.

###    A. Proposed *Amici Curiae* have a special, sufficiently unrepresented interest in this matter

Courts considering *amicus* briefs examine whether a party seeking *amicus* status has a special interest in the case, and that such interest is sufficiently unrepresented in the matter. *See, e.g.*, *Liberty Res.*, 395 F. Supp. 2d at 209. Proposed *Amici Curiae* meet this standard. Proposed *Amici* have a history—in TURN's case five decades long—of working to ensure that Philadelphia rental properties meet basic standards for habitability and safety. As organizations that advocate in Philadelphia for everything from increased rental inspections to protections against lease non-renewals, they have a special interest in ensuring that the protections and reforms enshrined in the Safe Healthy Homes legislation go into effect.

Nor would their participation be an outlier. TURN, in particular, has repeatedly represented the interests of Philadelphia and Pennsylvania renters in state and federal court, including in matters of constitutional concern. *See HAPCO v. City of Phila.*, 482 F. Supp. 3d 337 (E.D. Pa. 2020) (TURN serving as intervenor-defendant in constitutional challenge to Philadelphia eviction protections); *Frempong v. Richardson*, 209 A.3d 1001, 1009 (Pa. Super. Ct. 2019) (TURN serving as amicus to assist in interpretation of Philadelphia Code); *Johnson v. Bullock-Freeman*, 61 A.3d 272, 273 (Pa. Super. Ct. 2013) ("The Tenants, with the support of amicus curiae, the Tenant Union Representative Network . . . , contend that the court's order violates . . . Pennsylvania's

Landlord Tenant Act . . . and infringes tenants' rights to due process . . . . [W]e agree."). In other words, Proposed *Amici Curiae* have the precise "record of robust advocacy," in court and out, that meets this standard. *Kyocera Document Sols. Am., Inc. v. Div. of Admin.*, 708 F. Supp. 3d 531, 542 n. 16 (D.N.J. 2023); *see also Liberty Res.*, 395 F. Supp. 2d at 209–210 (E.D. Pa. 2005) (granting *amicus* status for advocacy organization to assist court in understanding rights of third parties).

Finally, Proposed *Amici* are not adequately represented in the litigation. To be sure, the City of Philadelphia is itself ably represented. But the "relevant question is whether [*amici*'s] interests are represented in this matter, not Defendants' interests." *Muldoon v. Penn State Health*, No. 1:25-CV-01181, 2026 WL 2168471, at *2 (M.D. Pa. July 28, 2026). Proposed *Amici* are independent, non-profit, housing rights organizations that, unlike Defendants, have no competing interests to balance in analyzing this lawsuit. *Liberty Res.*, 395 F. Supp. 2d at 209 (noting inadequate representation because a governmental defendant "may ultimately need to make concessions"). That is, though Defendants have "competent counsel" and though Proposed *Amici* and Defendants have "overlapping interests," Proposed *Amici* are their "own entity without representation in this matter." *Muldoon*, 2026 WL 2168471, at *2; *see also Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) ("Even when a party is very well represented, an amicus may provide important assistance to the court.").

### B. Proposed *Amici Curiae*'s participation will be useful to this Court

*Amicus* participation is "especially proper where the amicus will ensure complete and plenary presentation of difficult issues so that the court may reach a proper decision

4

or where an issue of general public interest is at stake." *Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (citation modified); *see also Burlington v. News Corp.*, No. CIV.A. 09-1908, 2015 WL 2070063, at *3 (E.D. Pa. May 4, 2015) ("[T]he importance of the issues raised counsels in favor of granting amicus status."); Karen U. Lindell & Claudia De Palma, *Friendly Gatekeepers: Lessons from an Empirical Analysis of Amicus Briefs in Federal District Courts*, 45 Rev. Litig. 225, 272 (2026) (finding in comprehensive national study that districts courts increasingly "use amicus briefs . . . as a flexible and efficient judicial tool," particularly in cases of public importance).

The Safe Healthy Homes legislation is clearly one of significant public import, through which the elected body of Philadelphia has sought to ensure that rental properties "meet[] basic standards of safety and habitability," with a series of reforms that "protect public health, reduce displacement, and promote housing stability in Philadelphia's housing system." *See* Second Amended Complaint, Ex. A, Bill No. 250329-AA at 1. Regardless of that public import, it is axiomatic that only this Court can ultimately decide whether a brief is helpful or not. However, Proposed *Amici* believe that, as demonstrated by the brief itself, their participation will ensure this Court has a "complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (internal quotation and citation omitted).

### C. Proposed *Amicus Curiae* make a "strong" and "responsible" presentation," even if they desire a specific outcome in this matter

Courts also consider whether a proposed *amicus* is overly partial, often understood to mean whether a party has a pecuniary interest or legally protected interest in the matter. *See Panzer v. Verde Energy USA, Inc.*, No. CV 19-3598, 2021

5

WL 2186422, at *3–4 (E.D. Pa. May 27, 2021). But as the above factors indicate, even if an *amicus* has a "side to which it [is] partial, there is no rule . . . that amici must be totally disinterested." *Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (internal quotation omitted). "Quite the opposite in fact. In order to properly serve as a friend of the court, an amicus must have an interest in the case." *C.P. v. New Jersey Dep't of Educ.*, No. CV 19-12807, 2019 WL 6907490, at *2 (D.N.J. Dec. 19, 2019) (citation modified).

It is therefore of little surprise that "parties with pecuniary, as well as policy, interests" in the outcome of cases regularly appear as *amici* before courts across the nation. *Neonatology Assocs., P.A.*, 293 F.3d at 132. "[S]trong (but fair) advocacy on behalf of opposing views promotes sound decision making. Thus, an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Id.* at 131; *accord Liberty Res.*, 395 F. Supp. 2d at 209. Accordingly, taking an outcome-specific position in litigation "does not necessarily weigh against granting amicus status," particularly when an *amicus* "takes this stance in furtherance of general public" policy goals. *Dwelling Place Network v. Murphy*, No. 20-6281, 2020 WL 3056305, at *3 (D.N.J. June 9, 2020); *see also* Lindell & De Palma, 45 Rev. Litig. at 268–69 (in nationwide analysis of district court amicus filings, concluding that "78.5% of briefs clearly support[] either the plaintiff or the defendant").

Proposed *Amicus Curiae*, two non-profit advocacy organizations, meet this standard. While they desire a specific outcome in this case, Proposed *Amici* also have a consistent record of advocating for the rights of renters and seek to present this Court with detailed legal briefing regarding Plaintiffs' claims. In other words, as then-Judge Alito forecasted, even with "policy[] interests" in the matter, Proposed *Amici Curiae* will

6

make a "strong but responsible presentation" to "truly serve as the court's friend."

*Neonatology Assocs.*, 293 F.3d at 131.

## V.    Conclusion

Proposed *Amici Curiae* respectfully request that this Court grant their motion, grant them *amici* status, and docket their Proposed Brief.

Dated: August 4, 2026                    Respectfully submitted,

By: */s/ Daniel Urevick-Ackelsberg*
Daniel Urevick-Ackelsberg
Olivia Mania
PUBLIC INTEREST LAW CENTER
2 Penn Center
1500 JFK Blvd., Suite 802
Philadelphia, PA 19102
267-546-1316
dackelsberg@pubintlaw.org

Attorneys for Proposed *Amici Curiae*

7