**PEARSON LAW GROUP**
**By: Briana Lynn Pearson, Esquire**
**Identification No. 327007**
**1500 Chestnut St. Suite 2 #2898**
**Philadelphia, PA 19102**
**Phone: 484-469-0322**
**Fax: 856-229-9991**
**Email: bpearson@pearsonlawgroup.org**

**Attorneys for Plaintiffs,**
***Seth Floyd and***
***Erica Hadley***

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF**
**PENNSYLVANIA**

| | | |
|---|---|---|
| FLOYD et al. | : | |
| | : | |
| v. | : | No. 2:26-cv-02403 |
| CITY COUNCIL FOR THE CITY OF | : | |
| PHILADELPHIA, et al. | : | |

**PLAINTIFFS SETH FLOYD AND ERICA HADLEY'S RESPONSE IN OPPOSITION TO DEFENDANTS' REQUEST TO DISMISS THE SECOND AMENDED COMPLAINT IN ITS ENTIRETY AND WITH PREJUDICE**

Plaintiffs Seth Floyd ("Plaintiff Floyd") and Erica Hadley ("Plaintiff Hadley") (collectively, "Plaintiffs"), by and through undersigned counsel, respectfully oppose the request of Defendants City Council for the City of Philadelphia and Philadelphia City Council Committee on Housing, Neighborhood Development and the Homeless (collectively, "Defendants") to dismiss Plaintiffs' Second Amended Complaint ("SAC") in its entirety and with prejudice.

Defendants seek the extraordinary result of terminating this action in its entirety and with prejudice notwithstanding the SAC's extensive allegations of historical fact, which must be accepted as true and construed in Plaintiffs' favor at this stage. Plaintiffs do not challenge the legislation merely because they disagree with Philadelphia's housing

policy or because they oppose regulation of residential rental property. The SAC identifies specific enactments, specific events occurring during the legislative process, specific property and contractual interests affected by the challenged legislation, and specific statutory and constitutional injuries allegedly resulting from those enactments.

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement showing that the pleader is entitled to relief. It does not require detailed factual allegations. A complaint survives Federal Rule of Civil Procedure 12(b)(6) where its factual allegations, accepted as true, permit the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is not a probability requirement, and the Court does not determine at the pleading stage whether Plaintiffs are more likely than not to prevail.

The United States Court of Appeals for the Third Circuit has emphasized that, even after *Bell Atlantic Corp. v. Twombly* and *Iqbal*, allegations of historical fact continue to receive a highly favorable standard of review at the motion to dismiss stage. *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 790 to 91 (3d Cir. 2016). The Court must disregard legal conclusions, assume the truth of well pleaded factual allegations, construe those facts in the light most favorable to Plaintiffs, and draw all reasonable inferences in Plaintiffs' favor. *Id.* at 787, 790 to 91.

The SAC satisfies that standard. Plaintiffs allege substantially more than labels, conclusions, or a formulaic recitation of legal elements. Plaintiffs allege concrete facts concerning the consideration and enactment of the challenged legislation, material amendments to the legislation, notice and public participation, the effect of the enactments upon existing property and contractual interests, the burdens imposed upon Plaintiffs as residential property owners and housing providers, the anticipated economic

consequences of the challenged regulatory scheme, and circumstances surrounding enactment relevant to Plaintiffs' federal and Pennsylvania constitutional claims.

Defendants' Motion repeatedly attempts to move beyond the proper pleading inquiry. Defendants challenge the magnitude of Plaintiffs' alleged economic injury, the significance of particular legislative events, the degree of interference with Plaintiffs' property and contractual interests, the inferences that may reasonably be drawn from the circumstances surrounding enactment, and the relationship between the challenged provisions and the governmental interests Defendants assert in support of them. Those arguments do not automatically establish pleading deficiencies. To the extent they dispute the weight, significance, or ultimate proof of well pleaded historical facts, they raise issues that are distinct from whether Plaintiffs have stated plausible claims for relief.

The existence of fact intensive merits inquiries does not relieve Plaintiffs of their pleading burden. By the same token, Federal Rule of Civil Procedure 12(b)(6) does not permit Defendants to transform disputes concerning the weight, significance, or ultimate proof of well pleaded historical facts into pleading deficiencies. The relevant question is whether the factual allegations, accepted as true and considered together, plausibly support the claims asserted.

Plaintiffs' claims also arise under materially different legal standards. Plaintiffs' regulatory takings claim is governed by the framework established in *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 124 (1978), which directs consideration of the economic impact of the regulation, interference with distinct investment backed expectations, and the character of the governmental action. Plaintiffs' Contracts Clause claim concerns the alleged substantial impairment of existing contractual relationships and is not governed merely by ordinary rational basis review.

Plaintiffs' Equal Protection claim implicates a separate inquiry concerning discriminatory purpose and the circumstances from which such purpose may reasonably be inferred. Plaintiffs' substantive due process claim presents a different constitutional question. Plaintiffs' Pennsylvania constitutional claims arise under protections independently secured by the Pennsylvania Constitution. Plaintiffs' Pennsylvania Sunshine Act and Philadelphia Home Rule Charter claims concern the legality of the process through which the challenged legislation was considered and enacted.

Defendants therefore cannot obtain dismissal of the entire action by reducing each claim to a generalized disagreement with economic regulation or by applying a single undifferentiated standard to claims governed by distinct statutes and constitutional provisions. Each count must be evaluated under the elements and legal standard applicable to that particular claim. Nor may the Court resolve competing factual inferences against Plaintiffs at this stage.

If Defendants contend that subsequent legislative proceedings cured earlier procedural defects, that the challenged enactments will ultimately impose less significant economic consequences than Plaintiffs allege, that interference with existing contractual rights is insubstantial, that circumstances surrounding enactment support an inference different from the inference advanced by Plaintiffs, or that the challenged restrictions are adequately justified by the governmental interests asserted in their defense, those arguments must be considered under the governing substantive law for each claim. They do not permit dismissal merely because Defendants offer a competing interpretation of the alleged facts.

*Connelly* is particularly instructive. The Third Circuit explained that a complaint need not establish the evidentiary showing ultimately required to prevail and that factual

allegations remain entitled to favorable treatment at the pleading stage. 809 F.3d at 789 to 91. A complaint may not be dismissed merely because it appears unlikely that a plaintiff will ultimately prove the alleged facts or prevail on the merits. *Id*. at 791.

Plaintiffs likewise do not contend that discovery may be used to rescue an otherwise implausible pleading. The SAC must stand on its own factual allegations, and Plaintiffs respectfully submit that it does. The point is narrower. Where Plaintiffs have pleaded historical facts supporting the elements of their claims, Defendants may not require Plaintiffs to produce at the pleading stage the evidentiary record that would ultimately be used to prove those allegations. The distinction between pleading a plausible claim and proving that claim remains significant under *Twombly*, *Iqbal*, and *Connelly*.

### A. Defendants Have Not Established a Basis for Dismissal of the Entire Action With Prejudice

Defendants' request for dismissal with prejudice is particularly unwarranted. Dismissal with prejudice is materially different from a determination that a particular allegation requires greater factual specificity. Defendants seek not merely dismissal of a particular count, but termination of the entire Second Amended Complaint without any opportunity to cure a deficiency the Court may identify. That relief is not justified merely because Defendants contend that certain allegations could have included more factual detail.

Federal Rule of Civil Procedure 15(a)(2) embodies a liberal policy favoring amendment. Leave to amend should generally be permitted in the absence of undue delay, bad faith, dilatory motive, undue prejudice, or futility. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 115 to 16 (3d Cir. 2000).

The fact that Plaintiffs previously amended their pleading does not, standing alone, establish futility. Futility concerns whether a proposed amendment would fail to state a legally sufficient claim. The number of prior pleadings does not independently answer that question.

That distinction is particularly important here because Defendants' own Motion repeatedly contends that Plaintiffs should have pleaded additional factual specificity. Defendants seek greater specificity concerning particular legislative events, particular amendments, Plaintiffs' property interests, economic consequences, existing contractual relationships, and other factual circumstances relevant to the challenged enactments. An argument that Plaintiffs should have pleaded additional facts is not the same as establishing that no additional facts could cure the alleged deficiency.

Defendants should not be permitted to argue, on the one hand, that Plaintiffs have failed to provide sufficient factual detail and, on the other hand, that any attempt to provide the allegedly missing detail necessarily would be futile.

More fundamentally, dismissal with prejudice is especially inappropriate where several of Defendants' arguments concern matters that are inherently fact dependent. Plaintiffs' claims concern the operation and economic consequences of newly enacted legislation, existing property and contractual relationships, circumstances surrounding the legislative process, governmental conduct, and other matters bearing upon the ultimate statutory and constitutional analyses. Although Plaintiffs must plead sufficient facts to state plausible claims, the Court need not resolve the ultimate factual merits of those claims in order to determine whether they have been adequately pleaded.

Plaintiffs maintain that the SAC satisfies Federal Rule of Civil Procedure 8 and states plausible claims for relief. Plaintiffs therefore respectfully submit that Defendants'

Motion should be denied for the claim specific reasons set forth in the accompanying Memorandum of Law.

Alternatively, if this Court determines that any particular count requires greater factual specificity, the proper remedy is not dismissal of the entire action with prejudice. Plaintiffs should be afforded leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2) to address any deficiency identified by the Court. This alternative request does not concede that the SAC is deficient. It recognizes the distinction between a claim that fails as a matter of law and a pleading that the Court determines requires greater factual particularity. Defendants have not established that every claim asserted by Plaintiff Floyd and Plaintiff Hadley is legally incapable of amendment or that no additional factual allegations could cure any deficiency identified by the Court. Accordingly, Defendants have not established a basis to terminate this action in its entirety and with prejudice at the pleading stage.

WHEREFORE, Plaintiffs Seth Floyd and Erica Hadley respectfully request that this Honorable Court deny Defendants City Council for the City of Philadelphia and Philadelphia City Council Committee on Housing, Neighborhood Development and the Homeless' Motion to Dismiss Plaintiffs' Second Amended Complaint and permit Plaintiffs' claims to proceed.

In the alternative, should the Court determine that any particular claim requires additional factual specificity, Plaintiffs respectfully request that the Court deny Defendants' request for dismissal with prejudice and grant Plaintiffs leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2), together with such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

PEARSON LAW GROUP LLC

Briana Lynn Pearson, Esquire
*Attorneys for Plaintiffs*

Dated: 8-18-26