# Ex. B

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SETH FLOYD, et al.,**<br>Plaintiffs,<br><br>v.<br><br>**CITY COUNCIL FOR THE CITY OF PHILADELPHIA, et al.,**<br>Defendants. | : | No. 2:26-cv-02403 |

**DEFENDANTS' RESPONSES AND OBJECTIONS**
**TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1 Defendants City Council for the City of Philadelphia ("City Council") and the Philadelphia City Council Committee on Housing, Neighborhood and the Homeless (the "Committee") (together, "Defendants"), by and through their undersigned counsel, respond to Plaintiffs' First Set of Interrogatories (the "Interrogatories") as follows:

**Documents Referenced**

Throughout these responses, the Defendants may reference the following, which are attached and provided along with these responses:

- Exhibit A: Transcript of the Committee on Housing, Neighborhood Development, and the Homeless, March 30, 2026 (222 pages)
- Exhibit B: Available video of the March 30, 2026 Meeting of the Committee (duration 1:03:06)
- Exhibit C: Audio Recording of the March 30, 2026 Meeting of the Committee (duration 3:15:13)
- Exhibit D: City Hall Security Camera footage from March 30, 2026 (to be produced subject to protective order)
- Exhibit E: Video of Stated Meeting Of Philadelphia City Council 4-16-26, available at https://www.youtube.com/watch?v=jHVTEDwCBhE

**DEFENDANT'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

1. **Identify all individuals present at any hearing, Committee meeting, City Council meeting, or other gathering, whether formal or informal, held on or after March 19, 2026, at which Bills 250329 and 250330 were discussed, considered, amended, strategized, or otherwise addressed, including but not limited to the March 30, 2026 meeting of the Committee on Housing, Neighborhood Development and the Homeless and the April 16, 2026 meeting of the full City Council, including all discussions, drafting sessions, amendment-related meetings, strategy sessions, telephone conferences, or informal gatherings occurring prior to or on the morning of April 16, 2026.**

**ANSWER:** Defendants object that this interrogatory is overly broad, unduly burdensome, and seeks irrelevant information not limited to the basis for contempt asserted in Plaintiffs' Motion and calls for information Plaintiffs are equally able to determine from information in their possession such as Exhibits A, B, C, and D. Moreover, Defendants further object to this interrogatory to the extent it (a) calls for information from parties or from individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process, attorney-client, or work product privileges. In particular, legislative immunity "protect[s] an official exercising a legislative function 'from inquiry into legislative acts or the motivation for actual performance of legislative acts,'" and "'from the burden of defending' certain suits," *Fowler-Nash v. Democratic Caucus of Pa. House of Representatives*, 469 F.3d 328, 331 (3d Cir. 2006), including the burden of pretrial discovery, *HIRA Educ. Servs. N. Am. v. Augustine*, 991 F.3d 180, 188 (3d. Cir. 2021). Legislative immunity applies where legislators, their staff, or other governmental officials take action as part of the legislative process, such as drafting and passing legislation. *Id.* at 189; *Baraka v. McGreevey*, 481 F.3d 187, 196 (3d Cir. 2007); *Lunderstadt v. Colafella*, 885 F.2d 66, 74 (3d Cir. 1989). The information requested is also irrelevant to the extent it relates to any meeting of less than a quorum of the Committee.

2. **State the number of Committee members present at all times during the March 30, 2026 proceedings and identify all time periods during which fewer than a quorum was present.**

   **ANSWER:** Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privileges as set forth in Defendants' Answer to Interrogatory 1. Defendants further object that this interrogatory is overly broad, unduly burdensome, and seeks irrelevant information because the number of members present at the beginning of the meeting and during the vote is reflected in Exhibit A, and also reflected in the affidavits signed by Plaintiff Seth Floyd and Plaintiff Erica Hadley, both dated April 13, 2026. Additionally, Defendants have offered to stipulate that less than a quorum of the Committee was present for portions of the public comment session on March 30, 2026.

3. **State the number of Councilmembers present at all times during the April 16, 2026 City Council meeting when Bills 250329 and 250330 were addressed and identify all periods during which members were absent during discussion or action on the Bills.**

   **ANSWER:** Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privileges as set forth in Defendants' Answer to Interrogatory 1. Defendants further object that this interrogatory is overly broad, unduly burdensome, and seeks irrelevant information because the instant motion, which was filed on April 9, 2026, only alleged a violation

during the March 30, 2026 committee meeting. Moreover, Plaintiffs are equally able to determine the information by viewing Exhibit E.

4. **Identify each instance in which any Committee member or Councilmember entered or exited the hearing room or meeting space during the March 30, 2026 and April 16, 2026 proceedings, including the identity of the member, the time of departure, the time of return, duration of absence, location visited, reason for departure, and all persons with whom the member communicated during such absence.**

**ANSWER:** Objection. The information on which Committee member entered or exited the hearing room on March 30, 2026 is information equally available to Plaintiffs as it is to Defendants based on the affidavits signed by Plaintiff Seth Floyd and Plaintiff Erica Hadley, both dated April 13, 2026 and Exhibit D. Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege as set forth in Defendants' Answer to Interrogatory 1. Defendants further object that this interrogatory is overly broad, unduly burdensome, and seeks irrelevant information not limited to the basis for contempt asserted in Plaintiffs' Motion, such as the April 16, 2026 meeting, which occurred after the Plaintiff filed their motion.

5. **State whether any discussions concerning Bills 250329 and 250330 occurred outside the hearing room or meeting space during the March 30, 2026 and April 16, 2026 proceedings and identify all participants, locations, communications, and subject matter.**

**ANSWER:** Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privileges as set forth in Defendants' Answer to Interrogatory 1.

Defendants further object to any discovery requests regarding April 16, 2026 as outside the scope of the instant contempt motion, irrelevant, overly broad, and unduly

burdensome. The information requested is also irrelevant to the extent it relates to any meeting of less than a quorum of the relevant body.

6. **Identify all meetings, discussions, communications, telephone calls, text messages, emails, instant messages, encrypted communications, or social media communications among any Committee members, Councilmembers, Council staff, legislative aides, consultants, or representatives concerning Bills 250329 and 250330 occurring outside publicly noticed proceedings on or after March 19, 2026.**

   **ANSWER:** Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privileges as set forth in Defendants' Answer to Interrogatory 1. Defendants further object to any discovery requests not regarding the March 30, 2026 meeting as outside the scope of the instant contempt motion, and to the request generally as overly broad, unduly burdensome, and seeking irrelevant information, particularly to the extent information requested does not relate to any meeting of a quorum of the relevant body.

7. **Identify all video, audio, livestream, surveillance, or recording systems used during the March 30, 2026 and April 16, 2026 proceedings, including camera locations, fields of view, recording gaps, unrecorded areas, and all persons responsible for operation, maintenance, retention, or preservation of recordings.**

   **ANSWER:** Defendants object to any discovery requests not regarding the March 30, 2026 meeting as outside the scope of the instant contempt motion, and to the request as generally overly broad, unduly burdensome, and seeking irrelevant information. Defendants further object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privileges as set forth in Defendants' Answer to Interrogatory 1. Without waiving those objections, Defendants respond identify the following sources and individuals:

- Video broadcast and recordings of City Council and its committees' meetings are conducted by PhlGovTv using proprietary equipment from TelVue Corporation, who is also responsible for maintenance. The system uses four cameras of the Council chambers that feed into a program that airs a single view at one time. Only the view aired is recorded. The station manager is Ed Harris. The station also has two producers, Michael Vivas and Cody Saia, and a production assistant, Tim Toohey. On a typical broadcast, the director of the broadcast is the sole operator of the Council chambers cameras and is in charge of starting and stopping the video recording of Council sessions. A backup recording is made of all stated meetings of Council. Copies of recordings are transferred to external memory equipment (Drobo) for archiving.
    - Video recording of March 30, 2026 meeting is attached as Exhibit B. The hearing lasted approximately 3 hours and was broadcast live in its entirely. Ed Harris was the director for the broadcast. During the hearing, the Teleview hypercaster indicated that the hearing was being recorded, but due to an equipment malfunction in fact only approximately the first hour of the broadcast was recorded. Since this occurrence, PhlGovTV has begun making a backup recording of committee meetings as well.
    - Video recording of April 16, 2026 meeting is attached as Exhibit E.
- Audio recording and transcription services are provided by the service and reporter noted, see Exhibits A and C.
- Security camera footage of hallways in City Hall is maintained by a vendor of the Department of Public Property. See Exhibit D.

8. **State whether any portion of the March 30, 2026 or April 16, 2026 proceedings was not recorded, preserved, retained, or produced, and identify the time periods, reasons, persons involved, and all responsive materials lost, deleted, destroyed, overwritten, or unavailable.**

**ANSWER:** See Defendants' Answer to Interrogatory 7.

9. **Identify all documents or records reflecting attendance, presence, movement, communications, or activities of Committee members or Councilmembers during the March 30, 2026 and April 16, 2026 proceedings, including security logs, badge access records, visitor records, sign-in sheets, calendars, schedules, notes, and internal memoranda.**

**ANSWER:** Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege as set forth in Defendants' Answer to Interrogatory 1. Defendants further object to any discovery requests not regarding the March 30, 2026 meeting as outside the scope of the instant contempt motion, and to the request generally as overly broad, unduly burdensome, and seeking irrelevant information, particularly to the extent information requested does not relate to any meeting of a quorum of the relevant body. Without waiving said objection, see Exhibits A, B, C, and D.

10. **Describe all procedures used to monitor, maintain, verify, or ensure that a quorum was continuously maintained during the March 30, 2026 proceedings and the April 16, 2026 proceedings.**

**ANSWER:** Defendants object to any discovery requests not regarding the March 30, 2026 meeting as outside the scope of the instant contempt motion, and generally to the request overly broad, unduly burdensome, and seeking irrelevant information to the extent it is not probative of the actual presence or absence of a quorum during the March 30, 2026 meeting. Defendants further object to the extent the information about Council's

Rules[1] and the video and transcribed record of the meeting are public and equally available to Plaintiffs. Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. as set forth in Defendants' Answer to Interrogatory 1.

11. **Identify all communications, meetings, discussions, telephone calls, emails, text messages, instant messages, Signal messages, WhatsApp messages, Telegram messages, social media communications, or other exchanges between any Defendant and any third party concerning Bills 250329 and 250330, including but not limited to communications with advocacy organizations, nonprofit organizations, trade associations, lobbying organizations, One Pennsylvania, the Democracy & Power Innovation Fund (the project hosted at the Rockefeller Family Fund), Steve Paul, the Building Industry Association of Philadelphia, Kyle Darby, John Hawkins, Mo Rushdy, and any officers, employees, representatives, consultants, attorneys, lobbyists, members, or agents thereof, concerning the Bills, amendments thereto, quorum issues, voting strategy, public testimony, enforcement of the March 19, 2026 Court Order, or the March 30, 2026 and April 16, 2026 proceedings. For each communication, identify the participants, date, time, method of communication, and subject matter.**

**ANSWER:** Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. as set forth in Defendants' Answer to Interrogatory 1. Defendants further object to any discovery requests not regarding the March 30, 2026 meeting as outside the scope of the instant contempt motion, and to the request generally as overly broad, unduly burdensome, and seeking irrelevant information, particularly to the extent information requested does not relate to any meeting of a quorum of the relevant body.

---

[1] The Rules of City Council, available here: https://phlcouncil.com/wp-content/uploads/2026/03/Signature24000100.pdf

12. **Identify all documents or communications reflecting input, proposed amendments, policy recommendations, strategic advice, lobbying efforts, or drafting assistance provided by any third party concerning Bills 250329 and 250330.**

**ANSWER:** Defendants object to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information because it does not relate to any meeting of a quorum of a relevant body, and because information regarding amendments is available on City Council's website. Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. as set forth in Defendants' Answer to Interrogatory 1.

13. **Identify all communications concerning Bills 250329 and 250330 conducted through personal devices, personal email accounts, Signal, WhatsApp, Telegram, Snapchat, Instagram, Facebook, TikTok, encrypted messaging applications, disappearing-message platforms, or any other non- governmental communication system, including the participants, dates, platforms used, subject matter, and whether such communications were preserved.**

**ANSWER:** Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. as set forth in Defendants' Answer to Interrogatory 1.

Defendants further object to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information to the extent it does not relate to any meeting of a quorum of a relevant body on March 30, 2026.

14. **Identify all persons involved in drafting, revising, editing, proposing, reviewing, or finalizing amendments to Bills 250329 and 250330 considered on April 16, 2026, and state when such amendments were drafted, revised, circulated, or finalized.**

**ANSWER:** Defendants object to this interrogatory as outside the scope of the instant contempt motion because it is not regarding the March 30, 2026 meeting, and to the

request generally as overly broad, unduly burdensome, and seeking irrelevant information, particularly to the extent information requested does not relate to any meeting of a quorum of the relevant body and because information regarding amendments is available on City Council's website.

Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. as set forth in Defendants' Answer to Interrogatory 1.

15. **Identify all meetings, discussions, telephone calls, emails, text messages, or communications occurring prior to or on the morning of April 16, 2026 concerning amendments to Bills 250329 and 250330, including all participants, locations, devices used, and subject matter discussed.**

**ANSWER:** Defendants object to this interrogatory as outside the scope of the instant contempt motion because it is not regarding the March 30, 2026 meeting, and to the request generally as overly broad, unduly burdensome, and seeking irrelevant information, particularly to the extent information requested does not relate to any meeting of a quorum of the relevant body and because information regarding amendments is available on City Council's website.

Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. as set forth in Defendants' Answer to Interrogatory 1.

**16. Identify all locations within or near the hearing or meeting venue used by Committee membersor Councilmembers during any absence from the March 30, 2026 and April 16, 2026 proceedings and identify all persons present or communications occurring at such locations.**

**ANSWER:** Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. as set forth in Defendants' Answer to Interrogatory 1. Defendants further object to any discovery requests regarding April 16, 2026 as outside the scope of the instant contempt motion, irrelevant, overly broad, and unduly burdensome.

**17. Identify all telephone numbers, cellular telephone numbers, personal telephone numbers, office telephone numbers, personal email addresses, governmental email addresses, business email addresses, Signal accounts, WhatsApp accounts, Telegram accounts, and other messaging application accounts used by each Councilmember, Committee member, Council employee, legislative aide, consultant, volunteer, or staff member who communicated concerning Bills 250329 and 250330 or participated in the March 30, 2026 and/or April 16, 2026 proceedings, including whether each device or account was personally owned or government-issued.**

**ANSWER:** Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. as set forth in Defendants' Answer to Interrogatory 1.

Defendants further object to any discovery requests not regarding the March 30, 2026 meeting as outside the scope of the instant contempt motion, and to the request generally as overly broad, unduly burdensome, and seeking irrelevant information, particularly to the extent information requested does not relate to any meeting of a quorum of the relevant body.

18. **Identify all text messages, emails, call logs, voicemail records, instant messages, Signal messages, WhatsApp messages, Telegram messages, social media messages, and other electronically stored communications sent or received during the March 30, 2026 Committee proceedings and/or the April 16, 2026 City Council proceedings concerning Bills 250329 and 250330, including the participants, time of communication, method of communication, and subject matter.**

**ANSWER:** Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. as set forth in Defendants' Answer to Interrogatory 1.

Defendants further object to any discovery requests not regarding the March 30, 2026 meeting as outside the scope of the instant contempt motion, and to the request generally as overly broad, unduly burdensome, and seeking irrelevant information, particularly to the extent information requested does not relate to any meeting of a quorum of the relevant body.

19. **Identify all personal devices, cellular telephones, tablets, computers, laptops, messaging accounts, cloud storage accounts, phone number, email account, and/or electronic systems used by any Defendant, Councilmember, Committee member, Council employee, legislative aide, consultant, or staff member to communicate concerning Bills 250329 and 250330, including whether each device or account was searched for responsive materials.**

**ANSWER:** Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. as set forth in Defendants' Answer to Interrogatory 1.

Defendants further object to any discovery requests not regarding the March 30, 2026 meeting as outside the scope of the instant contempt motion, and to the request generally as overly broad, unduly burdensome, and seeking irrelevant information, particularly to

the extent information requested does not relate to any meeting of a quorum of the relevant body.

20. **Identify all litigation hold notices, preservation directives, document retention instructions, or communications concerning preservation of electronically stored information relating to Bills 250329 and 250330, including the date issued, recipients, and scope of preservation required.**

**ANSWER:** Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. as set forth in Defendants' Answer to Interrogatory 1.

It is also objected to as overly broad, unduly burdensome, and seeking information irrelevant to Plaintiffs' Motion, as the information requested does not bear on the existence of any meeting of a quorum of the relevant body.

21. **Identify all instances in which electronically stored information, communications, text messages, emails, recordings, or documents concerning Bills 250329 and 250330 were deleted, destroyed, modified, overwritten, lost, wiped, reset, or otherwise rendered unavailable, including the persons involved, dates, devices affected, and reasons.**

**ANSWER:** Defendants object to this requests to the extent it does not relate to the March 30, 2026 meeting as outside the scope of the instant contempt motion, and to the request generally as overly broad, unduly burdensome, and seeking irrelevant information, particularly to the extent information requested does not relate to any meeting of a quorum of the relevant body. Without waiving the forgoing objections, see Defendants' Answer to Interrogatory 7.

22. **Identify all Councilmembers, Committee members, Council employees, legislative aides, consultants, interns, volunteers, contractors, or staff members who possessed, maintained, reviewed, searched, preserved, deleted, controlled, or had access to electronically stored information concerning Bills 250329 and 250330.**

**ANSWER:** Defendants object to this request as overly broad, unduly burdensome, and seeking irrelevant information, particularly because it does not relate to the March 30, 2026 meeting and so is outside the scope of the instant contempt motion.

Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. as set forth in Defendants' Answer to Interrogatory 1.

23. **State whether Defendants' contend that their conduct on and after March 19, 2026, including the March 30, 2026 and April 16, 2026 proceedings, complied with the March 19, 2026 Court Order; provide facts supporting the same (if any exist).**

**ANSWER:** Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. as set forth in Defendants' Answer to Interrogatory 1. Defendants further object that this contention interrogatory improperly calls for a legal argument and conclusion. Without waiving said objections, the Defendants' legal position is that Yes, Defendants fully complied with the relevant court order. It is believed that Plaintiffs mean to reference the March 18, 2026 stipulation, which was signed by Judge Christopher Hall and entered on the docket.

The March 18, 2026 stipulation includes the following relevant language:

> - Philadelphia City Council Bill numbers 250329 and 250330 (the "Bills") will not be voted upon for final passage in City Council on March 19, 2026;
> - Instead, the sponsor of Bill Numbers 250329 and 250330 will move to have the Bills referred back to the Committee;
> - Should the Committee choose to have a hearing in the future on the Bills, the Defendants shall comply fully with the Sunshine Act as well as the Charter; and
> - No party admits any fault or the violation of any law;

The Defendants clearly complied with each of these provisions as follows:

- **Stipulation language**: Philadelphia City Council Bill numbers 250329 and 250330 (the "Bills") will not be voted upon for final passage in City Council on March 19, 2026;
  - **Compliance**: At the March 19, 2026 City Council meeting the Bills were not voted upon for final passage. See Video here: Stated Meeting Of Philadelphia City Council 3-19-26[2]
- **Stipulation language**: Instead, the sponsor of Bill Numbers 250329 and 250330 will move to have the Bills referred back to the Committee;
  - **Compliance**: At the March 19, 2026 City Council meeting the sponsor of the Bills, Councilmember O'Rourke, moved to have the Bills referred back to the Committee, and City Council approved the motions. See Video here: Stated Meeting Of Philadelphia City Council 3-19-26 (see 2:10:57 – 2:12:39)

[2] Available at https://www.youtube.com/watch?v=psnZ2ShUAfU

- **Stipulation language**: Should the Committee choose to have a hearing in the future on the Bills, the Defendants shall comply fully with the Sunshine Act as well as the Charter;
    - **Compliance**: The Committee chose to have a hearing on the Bills on March 30, 2026, at which it complied with the Sunshine Act and the Charter. No deliberation by a quorum or official action was taken outside of the public meeting, and a quorum was present for the beginning of the public comment period and the vote to approve the Bills.

No other action was required of the Defendants by the March 18, 2026 Stipulation and so the Defendants cannot have been in contempt of the Order by any action on April 16, 2026 or at any other time.

Plaintiffs have offered no theory that contempt occurred except that a quorum was not present for the entirety of the public comment session during the Committee hearing on March 30, 2026. While Defendants have offered to admit this fact in a stipulation, it does not constitute a violation of the Sunshine Act or the Charter and Plaintiffs have offered no authority to suggest that it does.

**24. Identify all communications occurring during the March 30, 2026 Committee proceedings and/or the April 16, 2026 City Council proceedings between any Councilmember, Committee member, Council employee, legislative aide, or staff member and any other individual by means of cellular telephone, text message, email, Signal, WhatsApp, Telegram, social media platform, or other messaging application.**

**ANSWER:** Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. as set forth in Defendants' Answer to Interrogatory 1. Defendants further object

to any discovery requests not regarding the March 30, 2026 meeting as outside the scope of the instant contempt motion, and to the request generally as overly broad, unduly burdensome, and seeking irrelevant information, particularly to the extent information requested does not relate to any meeting of a quorum of the relevant body.

**25. Identify all call logs, caller identification records, voicemail records, telephone records, and incoming or outgoing telephone communications between any Defendant, Councilmember, Committee member, Council employee, legislative aide, or staff member and any other individual concerning Bills 250329 and 250330 during the March 30, 2026 Committee proceedings and the April 16, 2026 City Council proceedings, including communications with Kyle Darby, John Hawkins, Mo Rushdy, and/or any representative, member, or agent of the Building Industry Association of Philadelphia.**

**ANSWER:** Defendants object to this interrogatory to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process privilege. as set forth in Defendants' Answer to Interrogatory 1. Defendants further object to any discovery requests not regarding the March 30, 2026 meeting as outside the scope of the instant contempt motion, and to the request generally as overly broad, unduly burdensome, and seeking irrelevant information, particularly to the extent information requested does not relate to any meeting of a quorum of the relevant body and is directed to an inappropriate party.

Date: May 21, 2026

*/s/ William B. Shuey*
William B. Shuey, Senior Attorney
Attorney I.D. No. 208792
Michael Pfautz, Deputy City Solicitor
Attorney I.D. No. 325323
Affirmative and Special Litigation Unit
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
Phone: (267) 357-3168
William.Shuey@phila.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below a true and correct copy of Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories was served upon counsel of record by electronic mail, addressed as follows:

Briana Lynn Pearson, Esq.
The Bellevue, Fifth Floor
200 S. Broad Street
Philadelphia, PA 19102
pearsonb@ggmfirm.com

*/s/ Michael Pfautz*
Deputy City Solicitor

Dated: May 21, 2026

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SETH FLOYD, et al.,**<br>Plaintiffs,<br><br>v.<br><br>**CITY COUNCIL FOR THE CITY OF PHILADELPHIA, et al.,**<br>Defendants. | : | No. 2:26-cv-02403 |

**DEFENDANTS' RESPONSES AND OBJECTIONS**
**TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1 Defendant City Council for the City of Philadelphia ("City Council") and the Philadelphia City Council Committee on Housing, Neighborhood and the Homeless (the "Committee") (together, "Defendants"), by and through its undersigned counsel, responds to Plaintiffs' Request for Production of Documents as follows:

**Documents Referenced**

Throughout these responses, the Defendants may reference the following, which are attached and provided along with these responses:

- Exhibit A: Transcript of the Committee on Housing, Neighborhood Development, and the Homeless, March 30, 2026 (222 pages)
- Exhibit B: Available video of the March 30, 2026 Meeting of the Committee (duration 1:03:06)
- Exhibit C: Audio Recording of the March 30, 2026 Meeting of the Committee (duration 3:15:13)
- Exhibit D: City Hall Security Camera footage from March 30, 2026 (to be produced subject to protective order)
- Exhibit E: Video of Stated Meeting Of Philadelphia City Council 4-16-26, available at https://www.youtube.com/watch?v=jHVTEDwCBhE

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION**

1. **Produce all documents and communications identifying individuals present at any hearing, Committee meeting, City Council meeting, drafting session, strategy meeting, gathering conference, or discussion held on or after March 19, 2026 at which Bills 250329 and 250330 were discussed, considered, amended, strategized, negotiated, lobbied, or otherwise addressed.**

RESPONSE: Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process, attorney client, or attorney work product privileges. In particular, legislative immunity "protect[s] an official exercising a legislative function 'from inquiry into legislative acts or the motivation for actual performance of legislative acts,'" and "'from the burden of defending' certain suits," *Fowler-Nash v. Democratic Caucus of Pa. House of Representatives*, 469 F.3d 328, 331 (3d Cir. 2006), including the burden of pretrial discovery, *HIRA Educ. Servs. N. Am. v. Augustine*, 991 F.3d 180, 188 (3d. Cir. 2021). Legislative immunity applies where legislators, their staff, or other governmental officials take action as part of the legislative process, such as drafting and passing legislation. *Id.* at 189; *Baraka v. McGreevey*, 481 F.3d 187, 196 (3d Cir. 2007); *Lunderstadt v. Colafella*, 885 F.2d 66, 74 (3d Cir. 1989). Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information to the extent it is not limited to the basis for contempt asserted in Plaintiffs' Motion relating to the absence of a quorum at the March 30, 2026 committee meeting and calls for information Plaintiffs are equally able to determine from their own sworn observations.

Without waiving the foregoing objections, Defendants direct Plaintiffs to Exhibits A, B, C, and D.

2. **Produce all attendance records, sign-in sheets, roll calls, calendars, schedules, visitor records, security logs, badge access records, hallway logs, elevator logs, entry logs, visitor logs, or other documents reflecting presence, absence, movement, or participation of any Committee member, Councilmember, Council employee, legislative aide, consultant, volunteer, contractor, intern, or staff member during the March 30, 2026 and April 16, 2026 proceedings.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information to the extent not limited to the basis for contempt asserted in Plaintiffs' Motion relating to the absence of a quorum at the March 30, 2026 committee meeting and calls for information Plaintiffs are equally able to determine from their own sworn observations.

Without waiving the foregoing objections, Defendants direct Plaintiffs to Exhibits A, B, C, and D.

3. **Produce all calendars, schedules, meeting invitations, meeting requests, conference invitations, call invitations, agendas, memoranda, notes, or documents reflecting meetings, discussions, strategy sessions, drafting sessions, telephone conferences, or gatherings concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request because it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege and/or deliberative process, attorney client, or attorney work product privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information to the extent not limited to the basis for contempt asserted in Plaintiffs' Motion relating to the absence of a quorum at the March 30, 2026 committee

meeting and calls for information Plaintiffs are equally able to determine from their own sworn observations and information in their possession such as Exhibits A, B, C, and D.

4. **Produce all documents reflecting entry, exit, movement, communications, telephone use, device use, or locations visited by any Committee member or Councilmember during the March 30, 2026 and April 16, 2026 proceedings.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information to the extent not limited to the basis for contempt asserted in Plaintiffs' Motion relating to the absence of a quorum at the March 30, 2026 committee meeting and calls for information Plaintiffs are equally able to determine from their own sworn observations.

Without waiving the foregoing objections, Defendants direct Plaintiffs to Exhibits A, B, C, and D.

5. **Produce all surveillance footage, hallway footage, office footage, security footage, video recordings, livestream recordings, archived broadcasts, audio recordings, photographs, screenshots, or recordings of the March 30, 2026 and April 16, 2026 proceedings and all adjacent or related areas used during such proceedings.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information to the extent not limited to the basis for contempt asserted in Plaintiffs' Motion relating to the absence of a quorum at the March 30, 2026

committee meeting and calls for information Plaintiffs are equally able to determine from their own sworn observations.

Without waiving the foregoing objections, Defendants direct Plaintiffs to Exhibits A, B, C, and D.

6. **Produce all floor plans, diagrams, camera placement records, recording maps, technical specifications, recording policies, field-of-view diagrams, and all documents reflecting recording gaps, blind spots, interruptions, failures, missing footage, or unrecorded areas during the proceedings.**

**RESPONSE:** Defendants object to the request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information, as well as directed to improper parties.

Without waiving the foregoing objections, Defendants direct Plaintiffs to Exhibit B.

7. **Produce all communications among Committee members, Councilmembers, Council staff, legislative aides, consultants, contractors, volunteers, interns, representatives, or agents concerning Bills 250329 and 250330 occurring outside publicly noticed meetings on or after March 19, 2026.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or deliberative process, attorney client, or attorney work product privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information to the extent not limited to the basis for contempt asserted in Plaintiffs' Motion relating to the absence of a quorum at the March 30, 2026 committee meeting.

8. **Produce all communications, meetings, discussions, telephone calls, emails, text messages, instant messages, Signal messages, WhatsApp messages, Telegram messages, social media communications, direct messages, private messages, disappearing messages, or other exchanges between any Defendant and any third party concerning Bills 250329 and 250330, including but not limited to communications with advocacy organizations, nonprofit organizations, trade associations, lobbying organizations, One Pennsylvania, the Democracy & Power Innovation Fund, the Rockefeller Family Fund, Steve Paul, the Building Industry Association of Philadelphia, Kyle Darby, John Hawkins, Mo Rushdy, and any officers, employees, representatives, consultants, attorneys, lobbyists, members, affiliates, or agents thereof.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

9. **Produce all documents or communications reflecting lobbying efforts, strategic advice, proposed amendments, policy recommendations, drafting assistance, revisions, comments, tracked changes, amendment proposals, talking points, vote whipping, political strategy, or coordination provided by any third party concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

10. **Produce all emails, attachments, archived emails, deleted emails, forwarded emails, draft emails, email chains, metadata, server records, delivery logs, read receipts, and associated electronically stored information concerning Bills 250329 and 250330 sent or received on or after March 19, 2026.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information

that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**11. Produce all text messages, SMS messages, MMS messages, iMessages, Signal messages, WhatsApp messages, Telegram messages, Snapchat messages, Instagram messages, Facebook messages, TikTok messages, encrypted messages, disappearing messages, social media direct messages, and similar electronic communications concerning Bills 250329 and 250330 sent or received on or after March 19, 2026.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**12. Produce all call logs, caller identification records, voicemail records, telephone records, Facetime records, Zoom call logs, Teams call logs, Google Meet logs, conference-call logs, and records reflecting incoming or outgoing telephone or electronic communications concerning Bills 250329 and 250330 on or after March 19, 2026.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**13. Produce all communications concerning Bills 250329 and 250330 conducted through personal devices, personal email accounts, personal telephone numbers, Signal, WhatsApp, Telegram, Snapchat, Instagram, Facebook, TikTok, encrypted messaging applications, disappearing- message platforms, or any other non-governmental communication system.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**14. Produce all social media posts, reposts, shares, stories, comments, replies, tweets, posts, threads, videos, livestreams, or public-facing communications made by any Councilmember, Committee member, Council employee, legislative aide, consultant, volunteer, contractor, intern, or staff member concerning Bills 250329 and 250330 on or after March 19, 2026.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information equally available to Plaintiffs.

**15. Produce all social media direct messages, private messages, group chats, disappearing messages, hidden messages, archived messages, or encrypted communications made or received by any Councilmember, Committee member, Council employee, legislative aide, consultant, volunteer, contractor, intern, or staff member concerning Bills 250329 and 250330 on or after March 19, 2026.**

**RESPONSE:** Defendants object to this request because it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1.

Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**16. Produce all drafts of Bills 250329 and 250330 and all amendments thereto.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

Without waiving the foregoing objections, Defendants respond that nonprivileged drafts of bills are available to the public at the following links:

- 250329[1]
- 250330[2]

Counsel for Plaintiffs should contact for counsel for Defendants if technical assistance is needed in downloading the draft bills.

**17. Produce all redlines, comments, tracked changes, edits, revision histories, drafting notes, amendment drafts, revision records, collaborative editing histories, and metadata relating to Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or

[1] Available at https://phila.legistar.com/LegislationDetail.aspx?ID=7300048&GUID=5FA005B6-47E9-4FED-8F94-4661BD604D22&Options=ID|Text|&Search=250329

[2] Available at https://phila.legistar.com/LegislationDetail.aspx?ID=7300049&GUID=52D840F2-9545-44B8-9C3F-6A985532E5FC&Options=ID|Text|&Search=250330

deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

Without waiving the foregoing objections, Defendants refer to their response to Request #16.

**18. Produce all communications, drafts, memoranda, revisions, or documents concerning drafting, revising, circulating, discussing, negotiating, or finalizing amendments to Bills 250329 and 250330 prior to or on April 16, 2026.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

Without waiving the foregoing objections, Defendants refer to their response to Request #16.

**19. Produce all communications occurring on the morning of April 16, 2026 concerning amendments to Bills 250329 and 250330, including communications by telephone, text message, email, Signal, WhatsApp, Telegram, or social media platform.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**20. Produce all communications between Defendants and legislative staff, aides, consultants, lobbyists, trade organizations, nonprofit organizations, advocacy groups, or outside organizations concerning drafting, strategy, amendment, anticipated outcomes, vote counts, quorum maintenance, procedural strategy, or voting positions relating to Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**21. Produce all documents reflecting meetings, discussions, gatherings, strategy sessions, conferences, or communications held outside publicly noticed proceedings concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information to the extent it is not limited to the basis for contempt asserted in Plaintiffs' Motion relating to the absence of a quorum at the March 30, 2026 committee meeting.

**22. Produce all documents reflecting locations used by members during absences from the March 30, 2026 and April 16, 2026 proceedings and all communications occurring in such locations.**

**RESPONSE:** Defendants object to this request because it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or

deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information to the extent it is not limited to the basis for contempt asserted in Plaintiffs' Motion relating to the absence of a quorum at the March 30, 2026 committee meeting.

Without waiving the foregoing objections, Defendants direct Plaintiffs to Exhibit D.

**23. Produce all written testimony, submissions, letters, emails, memoranda, lobbying materials, public comments, transcripts, recordings, witness slips, hearing submissions, or communications submitted to or received by any City Council member, employee, consultant, legislative aide, volunteer, contractor, intern, or staff member concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request because it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**24. Produce all transcripts, rough transcripts, stenographic records, certified transcripts, audio recordings, livestream transcripts, notes, summaries, unofficial transcripts, or recordings of the March 30, 2026 Committee proceedings and the April 16, 2026 City Council proceedings.**

**RESPONSE**: Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information to the extent it is not limited to the basis for contempt asserted in

Plaintiffs' Motion relating to the absence of a quorum at the March 30, 2026 committee meeting.

Without waiving the foregoing objections, Defendants direct Plaintiffs to Exhibits A, B, and C for March 30, 2026 and to the following link for video for April 16, 2026: **Stated Meeting Of Philadelphia City Council 4-16-26 - YouTube**[3]

**25. Produce all internal memoranda, briefing materials, talking points, strategic plans, whip counts, vote counts, lobbying materials, communications plans, media plans, procedural strategies, or coordination materials concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**26. Produce all documents sufficient to identify all telephone numbers, cellular numbers, personal numbers, office numbers, personal email addresses, governmental email addresses, business email addresses, Signal accounts, WhatsApp accounts, Telegram accounts, social media accounts, and other messaging application accounts used by each Councilmember, Committee member, Council employee, legislative aide, consultant, volunteer, contractor, intern, or staff member who communicated concerning Bills 250329 and 250330 or participated in the March 30, 2026 and/or April 16, 2026 proceedings.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information to the extent it is not limited to the basis for contempt

[3] Available at https://www.youtube.com/watch?v=jHVTEDwCBhE&t=6869s

asserted in Plaintiffs' Motion relating to the absence of a quorum at the March 30, 2026 committee meeting.

27. **Produce all communications, including emails, text messages, call logs, voicemails, instant messages, direct messages, social media messages, Signal messages, WhatsApp messages, Telegram messages, and other electronic communications sent or received from any telephone number, device, account, email address, or messaging account identified in response to Interrogatories concerning Bills 250329 and 250330 on or after March 19, 2026.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

28. **Produce all communications occurring during the March 30, 2026 Committee proceedings and/or the April 16, 2026 City Council proceedings between any Councilmember, Committee member, Council employee, legislative aide, consultant, volunteer, contractor, intern, or staff member and any other individual by means of cellular telephone, text message, email, Signal, WhatsApp, Telegram, social media platform, or other messaging application.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information to the extent it is not limited to the basis for contempt asserted in Plaintiffs' Motion relating to the absence of a quorum at the March 30, 2026 committee meeting.

**29. Produce all litigation hold notices, preservation directives, retention notices, preservation instructions, forensic preservation requests, or communications concerning preservation of electronically stored information relating to Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client and attorney work product privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**30. Produce all documents reflecting deletion, destruction, wiping, replacement, resetting, modification, loss, unavailability, factory reset, auto-delete settings, disappearing-message settings, or overwriting of any cellular telephone, tablet, computer, laptop, messaging account, email account, cloud storage account, or electronically stored information used to communicate concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**31. Produce all documents sufficient to identify every Councilmember, Committee member, Council employee, legislative aide, consultant, volunteer, contractor, intern, or staff member who possessed, maintained, accessed, searched, reviewed, preserved, deleted, controlled, or had custody of electronically stored information concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney work product privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**32. Produce all emails, letters, requests, submissions, forms, sign-up sheets, applications, communications, or requests seeking permission to provide public comment, testimony, statements, written testimony, oral testimony, or verbal statements concerning Bills 250329 and 250330 submitted on or after March 19, 2026.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**33. Produce all communications granting, denying, limiting, restricting, scheduling, prioritizing, organizing, screening, editing, or coordinating requests for public comment or testimony concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**34. Produce all written statements, written testimony, prepared remarks, scripts, outlines, summaries, talking points, draft remarks, or speaking notes prepared for any public comment, hearing, committee proceeding, or City Council proceeding concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client and attorney work product privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**35. Produce all communications concerning who would be permitted, selected, encouraged, discouraged, limited, excluded, or prioritized to provide public comment or testimony concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**36. Produce all communications concerning the order, timing, duration, moderation, or limitation of public comment concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client and attorney work product privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**37. Produce all letters, mailed correspondence, physical mail, packages, hand-delivered correspondence, courier deliveries, certified mail, or written submissions sent to or received by any Councilmember, Committee member, Council employee, legislative aide, consultant, volunteer, contractor, intern, or staff member concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

38. **Produce all constituent correspondence concerning Bills 250329 and 250330, including letters, emails, social media communications, online submissions, petitions, surveys, or complaints.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

39. **Produce all communications between Defendants and any lobbyist registered or acting on behalf of One Pennsylvania, the Democracy & Power Innovation Fund, the Rockefeller Family Fund, or the Building Industry Association of Philadelphia concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

40. **Produce all communications between Defendants and any representative, employee, consultant, contractor, affiliate, attorney, volunteer, or agent of One Pennsylvania, the Democracy & Power Innovation Fund, or the Rockefeller Family Fund concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**41. Produce all communications between Defendants and any representative, employee, consultant, contractor, affiliate, attorney, volunteer, or agent of the Building Industry Association of Philadelphia concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**42. Produce all communications with Kyle Darby concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**43. Produce all communications with John Hawkins concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**44. Produce all communications with Mo Rushdy concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to

Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**45. Produce all communications with Steve Paul concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**46. Produce all communications concerning quorum maintenance, quorum counting, attendance management, member tracking, or procedural compliance during the March 30, 2026 and April 16, 2026 proceedings.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information to the extent it is not limited to the basis for contempt asserted in Plaintiffs' Motion relating to the absence of a quorum at the March 30, 2026 committee meeting.

**47. Produce all communications concerning potential Sunshine Act issues, violations, avoidance, compliance, legal risks, litigation risks, or public-meeting requirements concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1.

Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**48. Produce all communications concerning the March 19, 2026 Court Order and its interpretation, implementation, compliance, enforcement, or avoidance.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information to the extent it is not limited to the basis for contempt asserted in Plaintiffs' Motion relating to the absence of a quorum at the March 30, 2026 committee meeting.

**49. Produce all documents reflecting coordination with media organizations, reporters, journalists, influencers, advocacy groups, political organizations, nonprofit organizations, or trade associations concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**50. Produce all press releases, media statements, press advisories, newsletters, campaign materials, public-relations materials, or media talking points concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to

Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**51. Produce all polling, surveys, analytics, constituent tracking, political analysis, demographic analysis, or voter-response materials concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**52. Produce all communications concerning anticipated votes, actual votes, whip counts, vote commitments, political pressure, or efforts to influence votes concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**53. Produce all communications concerning amendment strategy, procedural strategy, hearing strategy, timing strategy, or sequencing strategy concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**54. Produce all communications concerning amendment strategy, procedural strategy, hearing strategy, timing strategy, or sequencing strategy concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, attorney work product, or deliberative process privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**55. Produce all communications concerning deleting, hiding, concealing, limiting, restricting, archiving, auto-deleting, encrypting, or failing to preserve communications concerning Bills 250329 and 250330.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

**56. Produce all policies, guidance, memoranda, manuals, or training materials concerning the Pennsylvania Sunshine Act, public meetings, quorum requirements, public comment rights, record retention, or preservation of electronically stored information.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and/or attorney client, or attorney work product privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

57. **Produce all communications with attorneys concerning compliance with the Pennsylvania Sunshine Act or the March 19, 2026 Court Order, excluding only communications protected by attorney-client privilege and identified on a privilege log.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative and work product privileges. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information.

58. **Produce all privilege logs concerning withheld documents or communications responsive to these Requests for Production.**

**RESPONSE:** Defendants respond that because legislative immunity and privilege are intended to shield legislators from the burdens of discovery, no such logs exist because no responsive documents not subject to that immunity and privilege have been located and withheld solely on the basis of another privilege.

59. **Produce all metadata associated with responsive electronically stored information, including sender, recipient, date, time, edits, deletions, revisions, forwarding history, geolocation data, access history, and preservation history.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case.

60. **Produce all documents supporting Defendants' contention that their conduct complied with the March 19, 2026 Court Order, the Pennsylvania Sunshine Act, and all public-meeting and quorum requirements applicable to the March 30, 2026 and April 16, 2026 proceedings.**

**RESPONSE:** Defendants object to this request to the extent it (a) calls for information from parties and individuals protected by legislative immunity and/or (b) for information

that is itself subject to the legislative privilege. Defendants incorporate their response to Request #1. Defendants further object to the request as overly broad, unduly burdensome, and seeking irrelevant information to the extent it is not limited to the basis for contempt asserted in Plaintiffs' Motion relating to the absence of a quorum at the March 30, 2026 committee meeting.

Without waiving the foregoing objections, Defendants direct Plaintiffs to Exhibits A, B, C, D, and E.

CITY OF PHILADELPHIA
LAW DEPARTMENT

*/s/ Will Shuey*
Will Shuey, Senior Attorney
Attorney I.D. No. 208792
Michael Pfautz, Deputy City Solicitor
Attorney I.D. No. 325323
Affirmative and Special Litigation Unit
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
Phone: (215) 683-5444
Fax: (215) 683-5299
William.Shuey@phila.gov

Dated: May 21, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, a true and correct copy of Defendant's Responses and Objections to Plaintiffs' Requests for Production was served upon counsel of record by electronic mail, addressed as follows:

Briana Lynn Pearson, Esq.
The Bellevue, Fifth Floor
200 S. Broad Street
Philadelphia, PA 19102
pearsonb@ggmfirm.com

*/s/ Michael Pfautz*
Deputy City Solicitor

Dated: May 21, 2026