# Ex. D

Case 2:26-cv-02403-WB Document 18 Filed 08/13/26 Page 1 of 2

CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

**Renee Garcia**
City Solicitor

**William B. Shuey**
Senior Attorney
**Michael Pfautz**
Deputy City Solicitor
Affirmative & Special Litigation
(215) 683-5233
William.Shuey@phila.gov
michael.pfautz@phila.gov

**VIA ECF**

August 13, 2026

The Honorable Wendy Beetlestone
United States District Court for the
Eastern District of Pennsylvania
601 Market Street,
Philadelphia, PA 19106

Re: *Floyd v. City Council for the City of Philadelphia* (No. 26-cv-02403) Discovery Dispute

Dear Judge Beetlestone:

We represent Defendants—Philadelphia City Council and one of its committees—in the above-captioned case and write regarding a discovery dispute the parties have been unable to resolve. By way of background, this case involves two landlords' claims that the City's adoption of two landlord-tenant laws violated certain procedural rules as well as substantive claims under the federal and Pennsylvania constitutions. Defendants seek the Court's intervention because Plaintiffs have sought and continue to seek extensive discovery barred by legislative immunity and privilege, including the deposition of a City Council staff member noticed for August 27.

As the Court knows, legislators have absolute immunity under the federal and Pennsylvania constitutions. This legislative immunity and privilege bars seeking discovery from those who acted as part of the legislative process, because legislative immunity includes immunity "'from the burden of defending'" against suit. *Fowler-Nash v. Democratic Caucus of Pa. House of Representatives*, 469 F.3d 328, 331 (3d Cir. 2006). And it bars discovery that has the aim of "'inquir[ing] into legislative acts or the motivation for actual performance of legislative acts.'" *Id*. It "extends to discovery requests, even when the lawmaker is not a named party in the suit: complying with such requests detracts from the performance of official duties." *In re Hubbard*, 803 F.3d 1298, 1310 (11th Cir. 2015) (citing *Wash. Suburban Sanitary Comm'n*, 631 F.3d at 181 (4th Cir. 2011); *MINPECO, S.A. v. Conticommodity Servs., Inc.*, 844 F.2d 856, 859 (D.C. Cir.

1988)). Legislative immunity and privilege also apply to legislative staff and other officials outside the legislative branch “when they perform legislative functions” or “act[] in direct assistance of legislative activity.” *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (mayor); *Aitchison v. Raffiani*, 708 F.2d 96, 99–100 (3d Cir. 1983) (borough attorney advising council on legislation); *see also Baraka v. McGreevey*, 481 F.3d 187, 196 (3d Cir. 2007) (governor and agency head).

Plaintiffs have repeatedly sought discovery from City Councilmembers and staff from which they are immune. In April, Plaintiffs served 60 requests for production of documents and 25 interrogatories, many of which sought information such as “all communications among Committee members, Councilmembers, Council staff, legislative aides, consultants, contractors, volunteers, interns, representatives, or agents concerning Bills 250329 and 250330 occurring outside publicly noticed meetings on or after March 19, 2026.” The City raised legislative immunity as discussed above with Plaintiffs’ counsel, both informally before responding and as formal objections, but Plaintiffs would not agree to modify their requests or substantively address Defendants’ authority. More recently, Plaintiffs served an additional 16 document requests and 16 interrogatories,[1] including requests to “Identify every communication between Defendants, or persons acting on their behalf, and any third party concerning requests by either Plaintiff” and “Produce all documents sufficient to identify every organization . . . or other stakeholder that met with any Defendant concerning Bills 250329 or 250330, including meeting dates, attendee lists, calendars, agendas, invitations, or visitor records sufficient to show that such meetings occurred.” Plaintiffs also noticed the deposition of Councilmember Nicolas O’Rourke’s Director of Legislation and Policy.

Defendants requested Plaintiffs withdraw the deposition notice and their most recent discovery requests on the basis of legislative immunity and privilege, but Plaintiffs have not agreed to do so or provided any further response as to why they believe their discovery is not barred. As a result, Defendants seek this Court’s intervention to quash the deposition notice and bar further discovery that seeks documents or information from City Council members, their staff, and other officials involved in the legislative process, or that seek to inquire into legislative motive.

Respectfully,

<u>/s/ *Michael Pfautz*</u>
William B. Shuey
Senior Attorney
Michael Pfautz
Deputy City Solicitor

Cc: All counsel of record (via ECF)

---

[1] Plaintiffs did not seek Defendants’ consent or leave from the Court to exceed the 25 interrogatory limit.