**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA**

| | |
|---|---|
| FLOYD et al. | : |
| | : |
| v. | : No. 2:26-cv-02403 |
| | : |
| CITY COUNCIL FOR THE CITY OF PHILADELPHIA, et al. | : |

**ORDER**

AND NOW, this _____ day of ___________, 2026, upon consideration of Plaintiffs' Renewed Emergency Motion for Temporary Restraining Order, the supporting memorandum and exhibits, any response, and the record, the Court ORDERS as follows:

1. Plaintiffs' request for temporary relief is GRANTED to the limited extent stated in this Order. The Court makes the findings required by Federal Rule of Civil Procedure 65(b) on the record or in an accompanying memorandum, including findings regarding likelihood of success, imminent irreparable harm, the balance of equities, and the public interest.

2. Pending the expedited evidentiary hearing ordered below, Defendants and their officers, agents, servants, employees, attorneys, and other persons who receive actual notice and are legally bound under Federal Rule of Civil Procedure 65(d)(2) are TEMPORARILY RESTRAINED, throughout the City of Philadelphia, from implementing or taking municipal enforcement action under the amendments enacted through Bills Nos. 250329-AA and 250330-AA to Philadelphia Code §§ 9-804(12)(a)–

(c), 9-3903(1)(c)–(d), 9-3901(4)(h), and 9-816(1)(c). This restraint is not limited to enforcement involving Plaintiffs or their properties.

3. This Order does not restrain requirements in effect independently of the amendments identified in paragraph 2, including preexisting rental licensing, safety, habitability, or other obligations. It does not bind independent tenants or other nonparties unless they fall within Rule 65(d)(2), and it does not bar private causes of action by persons not legally bound by this Order.

4. This temporary restraint takes effect upon entry and expires fourteen (14) days thereafter, at ___________ on ___________, 2026, unless modified or extended by further order consistent with Rule 65(b)(2). The Court will hold an expedited evidentiary hearing before expiration to the extent practicable.

5. An expedited evidentiary hearing shall be held on ___________, 2026, at ___________, in Courtroom ___________, or by such means as the Court directs. The parties shall be prepared to address the March 30, 2026 committee proceedings, compliance with the March 19, 2026 consent order, the imminent injuries and the justification for citywide interim relief, the identity and authority of appropriate enforcement actors, and the availability of effective relief.

6. No later than ___________, Defendants shall preserve and produce to Plaintiffs, to the extent in their possession, custody, or control and not previously produced, the official March 30, 2026 hearing recording, committee attendance records, and records identifying any review of testimony by members absent during public comment. Plaintiffs shall also be permitted to conduct expedited, narrowly tailored depositions of Councilmembers and relevant Council staff with firsthand knowledge of the March 30, 2026 proceedings, including committee attendance, administration of public testimony, consideration of constituent concerns, and compliance with the March 19, 2026 consent

order, subject to applicable privileges and legislative immunity. Such depositions shall be completed by __________, with scheduling coordinated promptly by counsel. Any disputes concerning production, deposition scheduling, scope, or privilege shall be presented promptly to the Court. This paragraph is without prejudice to Plaintiffs' pending motion to compel, ECF No. 31.

7. Plaintiffs shall promptly serve this Order on Defendants and any identified municipal enforcement official whose conduct they contend is subject to this Order, and shall file proof of service. Nothing in this Order authorizes relief against an official or entity not properly before the Court or otherwise legally bound.

8. All other requested relief is RESERVED pending the expedited hearing.

BY THE COURT:

________________________________

WENDY BEETLESTONE, J.

**PEARSON LAW GROUP**
**By: Briana Lynn Pearson, Esquire**
**Identification No. 327007**
**100 S. Broad Street, Suite 1355**
**Philadelphia, PA 19102**
**Phone: 484-469-0322**
**Fax: 856-229-9991**
**Email: bpearson@pearsonlawgroup.org**

**Attorneys for Plaintiffs, *Seth Floyd and Erica Hadley***

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLOYD et al. | : |
| | : |
| v. | : No. 2:26-cv-02403 |
| | : |
| CITY COUNCIL FOR THE CITY OF PHILADELPHIA, et al. | : |

**PLAINTIFFS' RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED EVIDENTIARY HEARING**

Plaintiffs Seth Floyd and Erica Hadley, by undersigned counsel, move pursuant to Federal Rules of Civil Procedure 7(b), 65(b), 65(c), and 65(d), and the Court's authority to enforce the March 19, 2026 consent order following removal under 28 U.S.C. § 1450, for a temporary restraining order and expedited evidentiary hearing. Plaintiffs incorporate by reference their accompanying Memorandum of Law and supporting exhibits.

Plaintiffs request a temporary, time-limited restraint against municipal enforcement, by Defendants and persons legally bound under Rule 65(d)(2), of the amendments to Philadelphia Code §§ 9-804(12)(a)–(c), 9-3903(1)(c)–(d), 9-3901(4)(h), and 9-816(1)(c), pending the earliest practicable evidentiary hearing. The requested restraint is not limited to enforcement against Plaintiffs, but extends only to the identified amendments and persons whom the Court may lawfully bind. Plaintiffs do not

seek to suspend preexisting Code requirements or bind independent private tenants outside Rule 65(d)(2).

Plaintiffs further request (1) an expedited hearing concerning the March 30, 2026, committee proceeding, the consent order, imminent injury, and the proper scope of relief; (2) expedited production of relevant hearing, attendance, and recording materials and prompt resolution of ECF No. 31, as appropriate under Rules 26 and 37; and (3) if necessary, expedited leave to join and serve officials with actual enforcement responsibilities before coercive relief issues. Plaintiffs respectfully request that the Court waive security under Federal Rule of Civil Procedure 65(c), or alternatively require nominal security, given the limited duration of the requested restraint, the public-interest nature of this litigation, and the absence of any demonstrated monetary injury to Defendants.

The grounds for this motion, the applicable standards, the supporting record, and the reasons ordinary relief would be inadequate are set forth in the accompanying Memorandum of Law. Plaintiffs respectfully request entry of the accompanying Proposed Order. Plaintiffs respectfully request that the Court consider and hear argument on this Renewed Emergency Motion for Temporary Restraining Order at the oral argument already scheduled for October 30, 2026. Given the November 1, 2026 effective date of the challenged ordinances, Plaintiffs further request that the Court enter a temporary, time-limited restraint against enforcement of the challenged amendments, by Defendants and persons legally bound under Federal Rule of Civil Procedure 65(d)(2), pending an expedited evidentiary hearing concerning compliance with the March 19, 2026 consent order and the legality of the March 30, 2026 committee proceedings. Plaintiffs request a ruling on temporary relief before the ordinances take effect.

Respectfully submitted,

PEARSON LAW GROUP LLC

Briana Lynn Pearson, Esquire
*Attorney for Plaintiffs*

Dated: October 29, 2026

## TABLE OF CONTENTS

I. INTRODUCTION ..... 6
II. FACTUAL AND PROCEDURAL BACKGROUND ..... 8
A. The March 19, 2026 stipulation and March 30, 2026 corrective proceeding ..... 8
B. Federal proceedings, the April ruling, and unresolved discovery ..... 10
C. The impending effective date ..... 11
III. ARGUMENT ..... 12
A. The requested restraint respects the separation between legislative discretion and judicial review of enforcement ..... 12
B. The March 19, 2026 order remains enforceable, and the renewed evidence warrants immediate adjudication of compliance ..... 13
C. The Sunshine Act authorizes immediate judicial intervention where official action is challenged as unlawful ..... 14
D. The exclusion of Plaintiffs and HAPCO implicates the Petition Clause, and the unequal administration of public testimony implicates viewpoint neutrality ..... 16
E. Plaintiffs establish the Rule 65 threshold through likely success and imminent, irreparable injury ..... 19
F. Equities and public interest favor a narrow, enforceable, promptly reviewable order rather than a legislative veto ..... 21
G. The pending discovery dispute and the new testimony warrant an immediate evidentiary hearing ..... 21
IV. CONCLUSION ..... 22
V. REQUESTED RELIEF ..... 23

# TABLE OF AUTHORITIES

**Cases**

Eichenlaub v. Township of Indiana, 385 F.3d 274 (3d Cir. 2004) .................................................... 17

Elrod v. Burns, 427 U.S. 347 (1976) .................................................................................... 20

Galena v. Leone, 638 F.3d 186 (3d Cir. 2011) ............................................................... 17–18

Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423 (1974) .......................... 13–14

John T. ex rel. Paul T. v. Delaware County Intermediate Unit, 318 F.3d 545 (3d Cir. 2003)............ 14

McChord v. Cincinnati, New Orleans & Texas Pacific Railway Co., 183 U.S. 483 (1902) 6–7, 12–13

McComb v. Jacksonville Paper Co., 336 U.S. 187 (1949) ............................................................. 14

Mirabella v. Villard, 853 F.3d 641 (3d Cir. 2017)......................................................... 16–17

Perrong v. Bradford, 157 F.4th 251 (3d Cir. 2025)................................................... 6–7, 13

Reilly v. City of Harrisburg, 858 F.3d 173 (3d Cir. 2017) ............................................................ 19

Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008)......................................... 19

**Statutes and Rules**

28 U.S.C. § 1450.......................................................................................................... 13

65 Pa. Cons. Stat. §§ 702–704 .............................................................................. 14–15

65 Pa. Cons. Stat. §§ 710, 710.1 ........................................................................... 15–18

65 Pa. Cons. Stat. § 713 ....................................................................................... 15, 21

Fed. R. Civ. P. 65(d) ................................................................................... 12–13, 23–24

Philadelphia Home Rule Charter § 2-201(2) .......................................................... 11, 15

Philadelphia Code § 9-804(12)(a)–(c) ............................................................ 7–8, 19, 23

Philadelphia Code § 9-3903(1)(c)–(d) ............................................................ 7–8, 19, 23

Philadelphia Code § 9-3901(4)(h)................................................................... 7–8, 19, 23

Philadelphia Code § 9-816(1)(c)...................................................................... 7–8, 19, 23

**PEARSON LAW GROUP**
**By: Briana Lynn Pearson, Esquire**
**Identification No. 327007**
**100 S. Broad Street, Suite 1355**
**Philadelphia, PA 19102**
**Phone: 484-469-0322**
**Fax: 856-229-9991**
**Email: bpearson@pearsonlawgroup.org**

**Attorneys for Plaintiffs,** ***Seth Floyd and Erica Hadley***

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF**
**PENNSYLVANIA**

| | |
|---|---|
| FLOYD et al. | : |
| | : |
| v. | : No. 2:26-cv-02403 |
| | : |
| CITY COUNCIL FOR THE CITY OF PHILADELPHIA, et al. | : |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, EXPEDITED EVIDENTIARY HEARING, AND NARROWLY TAILORED INTERIM RELIEF**

## I. INTRODUCTION

This Court is not being asked to manage City Council. The vote is over. The question is whether the City may put these ordinances into operation on November 1, 2026 after promising a lawful corrective hearing and then conducting a proceeding in which the plaintiff himself was cut short while describing the very business consequences now confronting him. The Charter does not make public participation ceremonial. The Sunshine Act does not permit an agency to announce a public forum and administer it arbitrarily. And a consent order is not an invitation to perform compliance in name alone. Plaintiffs seek a brief, citywide restraint on municipal enforcement of the challenged amendments, not a judicial rewrite of housing policy.

At the April 14, 2026, hearing, the Court invoked *McChord v. Cincinnati, New Orleans & Texas Pacific Railway Co.*, 183 U.S. 483, 496–97 (1902), and *Perrong v. Bradford*, 157 F.4th 251, 262 (3d Cir. 2025). Ex. D, Hr'g Tr. 9–10, ECF No. 14. Those authorities mark the line Plaintiffs now honor. McChord forbids an injunction directing legislative passage while expressly recognizing judicial power to restrain enforcement of unlawful legislation. McChord, 183 U.S. at 496–97. Perrong concerns the Telephone Consumer Protection Act and official communications by state legislators; it does not immunize enacted Philadelphia ordinances from review. Perrong, 157 F.4th at 262. The proposed relief preserves legislative autonomy and invokes the Court's ordinary function: determining whether governmental action was lawfully adopted and may be enforced.

The evidence is unusually concrete. Richard Moore attended the March 30, 2026, hearing and observed only two or three members present for substantial portions of testimony. Moore Decl. ¶¶ 7, 11–14 (Ex. A). The City itself acknowledges that attendance fell below four during portions of public comment. ECF No. 17-1, at 5. More importantly, the official 222-page transcript records Plaintiff Seth Floyd personally addressing the Committee. He identified himself as a landlord of twenty-five years and a licensed real estate broker of twenty-one years; explained that affected professionals had repeatedly sought amendments; and warned of business risk before the Chair told him his two minutes had expired. Mar. 30, 2026 Tr. 78–81 (Ex. G). This is not a hypothetical constituent whose views may have been lost. It is a named plaintiff whose actual testimony and interruption are in the official record.

Floyd now identifies the next, immediate consequence under oath. He owns vacant Philadelphia units and will postpone leasing them while he assesses the new obligations. Floyd Decl. ¶¶ 7–10, 16 (Ex. F). The enacted text explains why. Section 9-

804(12)(a)–(c) expands good-cause restrictions to expiration of any lease and addresses termination notices and month-to-month renewal; §§ 9-3903(1)(c)–(d) tie certificates and response deadlines to eviction and tenant requests; § 9-3901(4)(h) imposes additional documentary requirements in possession and rent litigation; and § 9-816(1)(c) adds good-faith conferral obligations. ECF No. 21, at 61–71, 73–85 (Ex. E). Floyd's contemplated lease review, document tracking, management assistance, and hesitation to enter new tenancies are rational responses to identified legal changes, not free-floating policy objections. Floyd Decl. ¶¶ 8–12.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The March 19, 2026 stipulation and March 30, 2026, corrective proceeding

Plaintiffs challenged the March 4, 2026 proceedings by filing suit on March 18, 2026. On March 19, 2026, the Court of Common Pleas approved the parties' stipulation: the bills would return to committee, and any future committee hearing would comply fully with the Sunshine Act and Philadelphia Home Rule Charter. Consent Order (Mar. 19, 2026) (Ex. B); ECF No. 8-1. The City obtained the benefit of that stipulation. Plaintiffs obtained an enforceable commitment to a lawful hearing. The March 30, 2026 proceedings must be judged against that bargain and the Charter's independent requirements, not against the mere fact that a later vote occurred.

The March 30, 2026 proceeding was the purported corrective hearing. Moore personally observed members depart during testimony, leaving approximately two or three in attendance for substantial portions. Moore Decl. ¶¶ 11–14 (Ex. A). The earlier-filed photographs corroborate the attendance concern. ECF No. 8-1. Defendants acknowledge fewer than four members during portions of public comment, although

they assert a quorum when the committee voted. ECF No. 17-1, at 5. The critical point is not that every departure automatically invalidates a meeting. It is that a hearing specifically ordered to afford lawful committee consideration cannot be treated as meaningful merely because enough members returned for a vote after constituents had already testified to a diminished committee.

The official transcript supplies a particularly telling comparison. Chair Gauthier announced five minutes for panel witnesses and later two minutes for public commenters. Mar. 30 Tr. 18–19, 51 (Ex. G). Plaintiffs do not confuse these two speaker categories. But the transcript shows that Floyd was placed in the public-comment portion, warned that his two minutes had expired, and required to finish just as he was explaining that the bill threatened his livelihood and that requested amendments had not been adopted. Id. at 78–81. Moore separately recounts inconsistent enforcement of the timer and identifies a longer tenant-supportive presentation. Moore Decl. ¶¶ 15–20. The question for the Court is whether similarly situated public commenters were afforded comparable treatment, not whether every witness received identical minutes regardless of role.

**B. Federal proceedings, the April ruling, and unresolved discovery**

Defendants removed the case on April 13, 2026. ECF No. 1. The Court heard Plaintiffs' emergency application on April 14, 2026 and entered its order on April 15, 2026. Order, ECF No. 13 (Ex. C); Hr'g Tr., ECF No. 14 (Ex. D). The earlier application sought to halt legislative advancement; the renewed application seeks to prevent enforcement after enactment. The Court's April ruling did not decide that an enacted ordinance is insulated from judicial review. The March 19, 2026 consent order, the subsequent committee hearing, and the impending November 1, 2026 effective date

present an immediate controversy the Court can now resolve without commanding legislative action.

The City argues that a quorum existed at the vote and that full-Council public comment later cured any committee deficiency. ECF No. 17-1, at 4–7. Its position makes the official March 30, 2026, recording and attendance evidence central. The City has acknowledged that fewer than four committee members were present during portions of testimony. Id. at 5. Plaintiffs contend that the Charter's committee-stage hearing requirement is a distinct procedural safeguard; a later full-Council opportunity to speak cannot automatically substitute for consideration by the committee charged with receiving testimony and reporting the bill. See Phila. Home Rule Charter § 2-201(2) (Ex. E).

The Second Amended Complaint was filed July 21, 2026. ECF No. 21. Bill 250329-AA appears at ECF No. 21, pages 61–71, with its effective-date language on page 70; Bill 250330-AA appears at pages 73–85, with its effective-date language on page 83. These are the operative enactments, not summaries of proposed legislation. The motion to dismiss, ECF No. 23, and motion to compel, ECF No. 31, remain pending. The Court has scheduled oral argument for October 30, 2026. ECF No. 37.

### C. The impending effective date

The supporting record is organized as follows: Exhibit A, Moore's October 29, 2026 declaration; Exhibit B, the March 19, 2026 consent order; Exhibit C, the April 15, 2026 order, ECF No. 13; Exhibit D, the April 14, 2026 hearing transcript, ECF No. 14; Exhibit E, the enacted bill texts and effective-date provisions; Exhibit F, Floyd's declaration dated October 29, 2026, executed October 29, 2026; and Exhibit G, the official March 30, 2026 Committee transcript, including pages 18–19, 51, 54–70, 78–81, 87–90, and 143–152. The transcript is supplied as the documentary hearing record.

The bills were signed May 7, 2026, and are scheduled to become effective November 1, 2026. ECF No. 17-1, at 3; Ex. E. Floyd declares that the effective date forces decisions now: vacant units will be held off the market, compliance costs will increase, and rents and screening criteria will change. Floyd Decl. ¶¶ 8–16 (Ex. F). The Court need not choose between permanently nullifying the legislation and allowing these consequences to begin before a hearing. It can preserve the status quo briefly, receive the identified evidence, and decide whether the statutory corrective process complied with the consent order and Charter.

## III. ARGUMENT

### A. The requested restraint respects the separation between legislative discretion and judicial review of enforcement

The Court's concern about legislative autonomy is answered by the procedural posture itself. Plaintiffs seek no command that Council convene, deliberate, amend, or vote. *McChord v. Cincinnati, New Orleans & Tex. Pac. Ry. Co.*, 183 U.S. 483, 496–97 (1902), recognizes the distinction between interfering with a legislature and restraining the execution of an unlawful enactment. Ex. D, ECF No. 14, at 9–10. *Perrong v. Bradford*, 157 F.4th 251, 262 (3d Cir. 2025), concerned the TCPA and state legislators' official robocalls, not the legality of Philadelphia ordinances already enacted. Nothing in Perrong bars this Court from reviewing the municipal process or entering appropriate post-enactment relief. The City cannot transform the doctrine of legislative independence into immunity for the enforcement of laws allegedly adopted in violation of a binding judicial order.

Under Federal Rule of Civil Procedure 65(d), Plaintiffs seek a short, citywide pause in municipal enforcement and implementation of the challenged amendments, not relief confined to their individual properties. The proposed restraint is directed only

to Defendants and persons legally bound under Rule 65(d)(2) who receive actual notice. Its broader geographic scope does not enlarge the class of persons the Court may bind. If effective relief requires an official with actual enforcement authority who is not presently a party, Plaintiffs request expedited leave to join and serve that official before coercive relief issues. Independent tenants and other nonparties are not automatically bound.

### B. The March 19, 2026 order remains enforceable, and the renewed evidence warrants immediate adjudication of compliance

The March 19, 2026 order did not vanish on removal. 28 U.S.C. § 1450; *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 435–40 (1974). It was a negotiated judicial directive governing two identified bills and their return to committee. Ex. B. The City was on notice of the precise legislative process being challenged and agreed that any further hearing would comply fully with the Sunshine Act and Charter. Plaintiffs seek enforcement of that undertaking in the context in which it was entered, not a roving injunction to obey every law.

Civil contempt requires a valid order, knowledge, and disobedience established by clear and convincing evidence. John T. ex rel. Paul T. v. Delaware County Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003). But a defendant cannot defeat enforcement simply by insisting that the order failed to list every conceivable means of evasion. McComb v. Jacksonville Paper Co., 336 U.S. 187, 191–93 (1949). The operative duties are supplied by the consent order and the specific statutes it incorporates. The City's admission about diminished committee attendance, the contemporaneous photographs, Moore's firsthand account, and the official transcript warrant immediate adjudication of whether the promised corrective hearing complied with those duties. Exs. A, B, G; ECF Nos. 8-1, 17-1.

### C. The Sunshine Act authorizes immediate judicial intervention where official action is challenged as unlawful

The Sunshine Act declares that the public's ability to witness deliberation and policymaking is vital to democratic government. 65 Pa. Cons. Stat. § 702. It defines agency business to include framing and enacting laws and defines official action to include recommendations and votes. Id. § 703. Official action and deliberations by a quorum generally must occur in public. Id. § 704. Section 713 expressly authorizes a court to enjoin challenged action pending determination of the meeting's legality and, upon finding a violation, to invalidate official action in its discretion. Id. § 713. Plaintiffs challenged the March 4, 2026 process by filing on March 18, 2026 and challenged the March 30, 2026 proceedings in their April 2026 contempt application, within thirty days of the respective public meetings. The statute's thirty-day rule for open meetings is thus satisfied by the contemporaneous challenges. Id. § 713.

The Charter makes committee consideration at a public hearing a required stage before Council acts. Phila. Home Rule Charter § 2-201(2) (Ex. E). The Charter Commission's explanation confirms that the process is intended to give citizens and legislators a genuine opportunity to consider proposed legislation. The operative text does not impose an express requirement that every member remain seated throughout every witness's testimony. That is not Plaintiffs' claim. Their claim is that the City cannot establish meaningful committee consideration merely by showing a quorum at roll call and again at the vote when the City admits diminished attendance during intervening testimony and the record identifies material constituent concerns presented during that stage. The City invokes subsequent full-Council comment as a cure. ECF No. 17-1, at 4–7. But a subsequent Council session is a different step in the Charter's sequence; the City must explain why it satisfies the earlier, independently required

committee consideration rather than simply assuming that one proceeding substitutes for another.

Section 710.1(b) does not resolve the claim. It limits relief based solely on the absence of comment on a particular action when subsection (a)'s public-comment opportunity was provided. 65 Pa. Cons. Stat. § 710.1(b). Plaintiffs do not rely solely on lack of comment. They allege failure of meaningful committee-stage consideration under the Charter, discriminatory administration of an opened comment forum, and noncompliance with a specific consent order. A public hearing is not reduced to a sign-in sheet and a final vote. When members charged with considering legislation are absent while affected constituents present their testimony, the distinction between hearing the public and merely permitting the public to speak becomes impossible to ignore.

**D. The exclusion of Plaintiffs and HAPCO implicates the Petition Clause, and the unequal administration of public testimony implicates viewpoint neutrality**

The Third Circuit's decision in *Mirabella v. Villard*, 853 F.3d 641, 650–53 (3d Cir. 2017), is instructive precisely because it concerned municipal officials who restricted constituents' communications after threatened litigation. There, the court recognized the constitutional significance of retaliatory restrictions on petitioning, while distinguishing a sweeping prohibition on communications from the narrower refusal to grant a private meeting about pending litigation. Id. Plaintiffs respect that distinction. The chronology is especially revealing. Before litigation, Floyd met repeatedly with Councilmember O'Rourke and other Councilmembers to seek amendments, as he told the Committee on March 30, 2026. Ex. G, Tr. 80:15–20 and Floyd Decl. ¶ 1 (Ex. F). After Plaintiffs resorted to court, O'Rourke's chief of staff told Moore that the office would not meet with Plaintiffs because they had filed suit. Moore Decl. ¶¶ 25–29 (Ex. A). The change in access after protected petitioning is the relevant sequence. It is not an

allegation that Councilmembers refused every meeting from the beginning. Moore does not describe a City-wide ban. He recounts a chief of staff's express statement that the office would not meet Plaintiffs because they filed suit and a separate refusal to meet HAPCO. Moore Decl. ¶¶ 25–29 (Ex. A). The first statement identifies litigation as the reason for the exclusion. The second corroborates a broader pattern of unwillingness to engage, without proving the same motive for every refusal. Plaintiffs seek prompt adjudication and appropriate prospective relief for retaliation; this evidence also bears on the asserted fairness of the corrective process, but it is not presented as an automatic basis to invalidate the ordinances.

Public participation cannot be administered as a reward for agreement. In *Galena v. Leone*, 638 F.3d 186, 198–203 (3d Cir. 2011), the Third Circuit examined restrictions on speech in a municipal meeting's limited public forum and required attention to viewpoint neutrality. In *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 280–81 (3d Cir. 2004), the court permitted reasonable management of disruptive or repetitive comment, underscoring that context and actual conduct matter. Here, the transcript records a five-minute witness-panel rule and a separate two-minute public-comment rule. Ex. G, Tr. 18–19, 51. Floyd spoke as a public commenter and was cut short while explaining unaddressed amendments and business risk. Id. at 78–81. The comparison is not limited to invited panelists. In the same public-comment portion, landlord speakers Bill Vargas, Sue RockSandich, Brenda Simons, and Plaintiff Erica Hadley received repeated directions to conclude or were interrupted as they attempted to complete substantive points. Ex. G, Tr. 54–70, 87–90. By contrast, public commenters Katie Glick, Sonya Sanders, and Tyrick Murray, who supported the legislation, completed their remarks without recorded time-limit interventions. Id. at 143–152. Those differences warrant scrutiny under Galena, particularly alongside

Moore's observations, even though the presiding officer changed for some of the later testimony and the transcript alone does not measure elapsed minutes. Moore's firsthand account identifies additional inconsistent treatment. Ex. A ¶¶ 15–20. Sunshine Act § 710 authorizes reasonable rules for the conduct of meetings consistent with the Act; § 710.1 protects public participation. 65 Pa. Cons. Stat. §§ 710, 710.1. The City may regulate time, but it must apply a defensible rule to comparable speakers. An expedited hearing can resolve who received additional time, in what capacity, and why.

### E. Plaintiffs establish the Rule 65 threshold through likely success and imminent, irreparable injury

Under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), and *Reilly v. City of Harrisburg*, 858 F.3d 173, 176–79 (3d Cir. 2017), Plaintiffs must show a sufficiently substantial likelihood of success and that irreparable harm is more likely than not; the Court then balances equities and the public interest. Plaintiffs satisfy those gateway requirements through the consent order, the Charter's explicit committee-hearing command, the City's own attendance admission, Moore's firsthand observations, and Floyd's sworn account of the business decisions the November 1, 2026 effective date is forcing. Exs. A, B, E, F; ECF No. 17-1, at 5.

Floyd's harm follows a specific statutory chain. The expansion of good-cause coverage to expiration of any lease, with notice and renewal consequences, changes the legal exposure of entering a new tenancy. Phila. Code § 9-804(12)(a)–(c), as amended by Bill 250330-AA (Ex. E; ECF No. 21, at 73–85). The certificate requirements, ten-day tenant-response deadline, and rent-collection consequences make administrative compliance an immediate operating concern. Phila. Code § 9-3903(1)(c)–(d), as amended by Bill 250329-AA (Ex. E; ECF No. 21, at 61–71). The litigation-document requirements and good-faith conferral provision further explain why Floyd expects legal

review and additional management support. Phila. Code §§ 9-3901(4)(h), 9-816(1)(c). Floyd Decl. ¶¶ 8–12. These provisions do not command Floyd to raise rent, tighten screening, or hire a manager. Those are the business decisions he anticipates in response. Id. ¶¶ 12–15. But his vacant units and stated intention to withhold them from the market present a present-tense choice made under a law taking effect in days. Id. ¶¶ 8–9, 16. A later damages award may compensate some costs; it cannot necessarily recreate the lost opportunity to offer housing during the interim. The Court should weigh that prospective loss with the particularized record rather than dismiss it as mere disagreement with policy.

The record also presents the threatened loss of First Amendment rights. Moore's account of litigation-linked exclusion and unequal treatment of speakers raises a substantial constitutional claim; when established, loss of First Amendment freedoms for even minimal periods can constitute irreparable injury. Elrod v. Burns, 427 U.S. 347, 373 (1976) (plurality). This is not a request to convert every Sunshine Act violation into a federal constitutional violation. It is a request to examine concrete evidence that protected petitioning and viewpoint neutrality were compromised during the process producing ordinances now poised for enforcement.

Defendants should not obtain the practical benefit of a disputed corrective process simply because the effective date arrives before the Court can hear the witnesses. The Court has the March 19, 2026 consent order, its own April 15, 2026 ruling, Moore's executed declaration, Floyd's October 29, 2026 declaration, the enacted bills, and the official March 30, 2026 transcript. Exs. A–G. The Court can act on this record now, without commanding legislative action or predetermining the ultimate merits.

**F. Equities and public interest favor a narrow, enforceable, promptly reviewable order rather than a legislative veto**

The City has a serious and legitimate interest in implementing tenant protections. Plaintiffs do not ask the Court to pretend otherwise. The balance nevertheless favors a short, citywide pause limited to the challenged amendments and to municipal actors legally bound by the order when the alternative is to put disputed provisions into operation before the Court can test a specific committee-stage challenge and a sworn account of imminent business decisions. The balance is particularly compelling because Plaintiffs request no permanent veto. They seek a defined interval for testimony and review of the official record. Section 713 expressly contemplates temporary restraint of challenged action pending judicial determination. 65 Pa. Cons. Stat. § 713. The Court can protect existing tenant safeguards, confine relief to the newly enacted provisions and parties properly before it, and set an immediate hearing. That is judicial restraint in service of judicial review, not interference with legislative policymaking.

**G. The pending discovery dispute and the new testimony warrant an immediate evidentiary hearing**

The Court's April 15, 2026 order authorized contempt-related discovery. ECF No. 13 (Ex. C). Plaintiffs' motion to compel remains pending. ECF No. 31. The official March 30, 2026 transcript now supplies an objective account of Floyd's participation, but a transcript alone does not identify which members were physically present for each speaker. Moore's eyewitness observations and the City's admission make that attendance question ripe for testimony, attendance records, and any official recording. The hearing should focus on the members present for Floyd's testimony, whether they reviewed testimony later, how speaker categories and time limits were administered, and what committee consideration actually occurred before the vote.

The Court should not be required to decide the entire case on an emergency timetable. It need only preserve its ability to afford effective relief and decide the discrete factual questions that the City's own admissions place in issue. If the Court elects not to enter an immediate restraint, Plaintiffs request a hearing before the November 1, 2026, effective date, expedited production of the official recording and committee records, and prompt consideration of the pending motion to compel. The imminent effective date makes delay itself consequential.

## IV. CONCLUSION

The City cannot answer this application by saying the legislation has already passed. That is precisely why the requested temporary citywide enforcement restraint is different from the motion heard in April. Nor can it answer the Charter claim by pointing only to the quorum at the final vote when the City concedes that attendance fell below four during public testimony. Floyd personally appeared, described the unaddressed amendments and the risk to his business, and was told to conclude. Ex. G, Tr. 78–81. He now faces specific, imminent obligations under identified ordinance provisions and has sworn that he will delay leasing existing vacant units. Ex. F ¶¶ 7–12, 16. The Court can preserve the status quo without directing a single legislative act. Plaintiffs respectfully request that it do so.

## V. REQUESTED RELIEF

Plaintiffs request: (1) a temporary, time-limited restraint against municipal enforcement or implementation, by Defendants and all persons legally bound under Federal Rule of Civil Procedure 65(d)(2), of the amendments enacted through Bills Nos. 250329-AA and 250330-AA to Phila. Code §§ 9-804(12)(a)–(c), 9-3903(1)(c)–(d), 9-3901(4)(h), and 9-816(1)(c), citywide and not merely as applied to Plaintiffs, pending an

expedited evidentiary hearing; (2) a hearing at the earliest practicable time to address the March 30, 2026 committee proceeding, the March 19, 2026 consent order, the imminent injuries, and the proper scope of relief; (3) expedited production of relevant attendance and hearing materials and prompt resolution of ECF No. 31; and (4) if necessary, expedited leave to join and serve officials with an actual enforcement connection before coercive relief issues. Lastly, Plaintiffs respectfully request that the Court waive security under Federal Rule of Civil Procedure 65(c), or alternatively require nominal security, given the limited duration of the requested restraint, the public-interest nature of this litigation, and the absence of any demonstrated monetary injury to Defendants. Plaintiffs acknowledge that Rule 65(d)(2) does not automatically bind independent tenants pursuing private remedies. The proposed order identifies the challenged amendments, the conduct restrained, the persons legally bound, and a definite expiration or return date. This request does not suspend requirements predating those amendments. Alternatively, Plaintiffs request the same temporary restraint limited to enforcement against Plaintiffs and their properties and activities.

Respectfully submitted,

PEARSON LAW GROUP LLC

Briana Lynn Pearson, Esquire
*Attorney for Plaintiffs*

Dated: October 29, 2026

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2026, I electronically filed Plaintiffs' Renewed Emergency Motion for Temporary Restraining Order and Expedited Evidentiary Hearing, together with the supporting Memorandum of Law, Proposed Order, and Exhibits A–G, using the Court's CM/ECF system, which automatically provides notice of the filing to all counsel of record registered to receive electronic notification.

Respectfully submitted,

PEARSON LAW GROUP LLC

Briana Lynn Pearson, Esquire
*Attorney for Plaintiffs*

Dated: October 29, 2026

**CERTIFICATION OF COUNSEL REGARDING NOTICE**

I, Briana Lynn Pearson, Esquire, counsel for Plaintiffs Seth Floyd and Erica Hadley, hereby certify as follows:

1. Defendants are represented by counsel who have appeared in this action and are registered participants in the Court's CM/ECF system.
2. Plaintiffs are filing their Renewed Emergency Motion for Temporary Restraining Order and Expedited Evidentiary Hearing electronically through CM/ECF. Defendants' counsel will receive electronic notification of the motion and its supporting materials upon filing.
3. Plaintiffs have not provided separate advance notice of this renewed application before its filing. Accordingly, the CM/ECF notification will constitute the initial notice of this application to Defendants' counsel.
4. The challenged amendments enacted through Philadelphia City Council Bills Nos. 250329-AA and 250330-AA are scheduled to become effective November 1, 2026. Plaintiffs seek immediate, temporary relief to preserve the status quo pending an expedited evidentiary hearing concerning the legality of the March 30, 2026 committee proceedings and compliance with the March 19, 2026 consent order.
5. Plaintiffs respectfully request expedited consideration of the application in light of the impending effective date. Plaintiffs do not seek to deprive Defendants of an opportunity to be heard and request that the Court schedule such proceedings as promptly as practicable.

I certify that the foregoing statements concerning notice and the circumstances of this application are true and correct.

Respectfully submitted,

PEARSON LAW GROUP LLC



Briana Lynn Pearson, Esquire
*Attorney for Plaintiffs*

Dated: October 29, 2026